CIVIL ACTION NO. 3:23-CV-00769-N

# In the United States District Court
# Northern District of Texas - Dallas Division

JEFFREY W. CARPENTER,

*Plaintiff*,

v.

TWIN CITY FIRE INSURANCE COMPANY,

*Defendant*.

**TWIN CITY FIRE INSURANCE COMPANY'S BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

Twin City Fire Insurance Company ("Twin City") files this Brief in Support of its Rule Motion to Dismiss under Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure.

> CHAMBERLAIN, HRDLICKA, WHITE,
> WILLIAMS & AUGHTRY, P.C.
>
> CHRISTINE KIRCHNER
> State Bar No. 00784403
> c.kirchner@chamberlainlaw.com
> STEVEN J. KNIGHT
> State Bar No. 24012975
> steven.knight@chamberlainlaw.com
> CHRIS M. LEMONS
> State Bar No. 24094799
> chris.lemons@chamberlainlaw.com
> 1200 Smith Street, Suite 1400
> Houston, Texas 77002
> (713) 658-1818
>
> COUNSEL FOR TWIN CITY FIRE INSURANCE
> COMPANY

**TABLE OF CONTENTS**

TABLE OF CONTENTS ......................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................. iii

ISSUES TO BE DECIDED .................................................................................................... 1

STANDARD OF REVIEW .................................................................................................... 1

ARGUMENT AND AUTHORITIES ..................................................................................... 2

    A.    Carpenter has no standing to assert a claim for punitive damages against Twin City. ................................................................................................................ 2

    B.    Carpenter's clam for equitable relief is not cognizable and he lacks standing. ....... 5

CONCLUSION ....................................................................................................................... 6

CERTIFICATE OF SERVICE ............................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Goin v. Crump*,
  No. 05-18-00307-CV, 2020 WL 90919 (Tex. App.—Dallas Jan. 8, 2020, no
  pet.) ..................................................................................................................................4

*Howard v. Maxum Indem. Co.*,
  No. 3:16-CV-2487-G, 2016 WL 8711281 (N.D. Tex. Nov. 18, 2016) ......................................1

*Launius v. Allstate Ins. Co.*,
  No. 3:06-CV-0579-B, 2007 WL 1135347 (N.D. Tex. April 17, 2007) ......................................4

*NAFTA Traders, Inc. v. Adidas America, Inc.*,
  No. 3:19-CV-00915-N, 2022 WL 891119 (N.D. Tex. March 25, 2022) ...................................2

*PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd P'ship*,
  146 S.W.3d 79 (Tex. 2004) .....................................................................................................4

*Puga v. New York Marine & Gen. Ins. Co.*,
  No. 2:19-CV-381, 2021 WL 293270. (S.D. Tex. Jan. 28, 2021) ..............................................3

*Shafer v. Muro*,
  No. 2:20-CV-167, 2021 WL 2143614 (S.D. Tex. May 26, 2021) ............................................5

*Tisdale v. Enhanced Recovery Company, LLC*,
  No. 4:22-CV-00286-SDJ-CAN, 2023 WL 1810413 (E.D. Tex. Jan. 17, 2023) ................1, 2, 4

*Zamarripa v. Farrakhan*,
  No. 3:16-CV-3109-N, 2017 WL 115632269 (N.D. Tex. June 20, 2017) .................................1

**Other Authorities**

FED. R CIV. P. § 12(b) ............................................................................................... *passim*

FED. R CIV. P. § 12(c) ................................................................................................ *passim*

**ISSUES TO BE DECIDED**

1.  Jeffrey Carpenter has no standing to assert a claim for punitive damages against Twin City. The Court should dismiss his claim under Rule 12(b)(1) of the Federal Rule of Civil Procedure.

2.  The equitable relief Carpenter seeks—an injunction to require Twin City to modify its practices—is neither cognizable nor available to Carpenter since he is not an insured. The Court should dismiss his claim under Rule 12(c), or, alternatively, Rule 12(b)(1).

**STANDARD OF REVIEW**

*Rule 12(b)(1)*

"Rule 12(b)(1) of the Federal Rules of Civil Procure authorizes the dismissal of a case for lack of jurisdiction over the subject of a matter." *Howard v. Maxum Indem. Co.*, No. 3:16-CV-2487-G, 2016 WL 8711281, *1 (N.D. Tex. Nov. 18, 2016). "A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because 'the court must find jurisdiction before determining the validity of a claim.'" *Id*. (quoting *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)).

"Standing is component of subject-matter jurisdiction and is properly raised by a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)." *Zamarripa v. Farrakhan*, No. 3:16-CV-3109-N, 2017 WL 115632269, *2 (N.D. Tex. June 20, 2017). "To establish Article III standing, a plaintiff must show: (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by the judicial relief." *Tisdale v. Enhanced Recovery Company, LLC*, No. 4:22-CV-00286-SDJ-CAN, 2023 WL 1810413, *4 (E.D. Tex. Jan. 17, 2023). "As the party invoking federal jurisdiction, Plaintiff bears the burden of demonstrating standing to bring the claims alleged." *Id*.

1

Generally, "[a] valid assignment provides the assignee standing to assert the injury in fact suffered by the assignor." *Id*. However, "Plaintiff cannot have standing absent a valid assignment." *Id*. So, when a plaintiff is asserting claims acquired from someone else, the question becomes whether the claim is transferable. If it is not, the court lacks subject matter jurisdiction to consider it. *Id*. at 11.

### *Rule 12(c)*

"A Rule 12(c) motion is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and the judicially noticed facts." *NAFTA Traders, Inc. v. Adidas America, Inc*., No. 3:19-CV-00915-N, 2022 WL 891119, *1 (N.D. Tex. March 25, 2022). "When ruling on a Rule 12(c) motion for judgment on the pleadings, the Court applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Id*. "When deciding a Rule 12(b)(6) motion to dismiss or Rule 12(c) motion for judgment on the pleadings, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief." *Id*.

### ARGUMENT AND AUTHORITIES

**A.   Carpenter has no standing to assert a claim for punitive damages against Twin City.**

In his original petition, Carpenter alleges that he sued his former employer for breaching an agreement to pay him money. Doc. 1-2 at 15. He alleges that, before the trial, he extended an offer to Twin City, his employer's liability insurer, to settle the case within policy limits. *Id*. at 15-16. He alleges that Twin City rejected the offer, and, thereafter, a jury returned a verdict in his favor for an amount that was in excess of the policy limits. *Id*. at 16-17. He alleges that he "has standing to bring *this claim*"—referring to "First Claim for Relief: Violation of *Stowers* Duty"—

2

"pursuant to a turnover order." *Id*. at 17.

Pertinent to this motion, Carpenter also asserts two other claims: first, one for "Equitable Relief," and second, one for "Punitive Damages." *Id*. at 18. In connection with the former, Carpenter, who is not Twin City's insured, bizarrely seeks to require Twin City to alter the way it conducts business with its actual customer—customers like the former employer he sued, which has never accused Twin City of any wrongful conduct. In connection with the latter, Carpenter seeks to recover punitive damages for "[t]he harm Twin City caused to *its insureds*." *Id*. (emphasis added). The Court should dismiss these claims because Carpenter lacks standing to assert them. Twin City begins with the punitive damages claim.

Carpenter lacks standing to assert a claim for punitive damages for two fundamental reasons. First, as made evident from Carpenter's petition, the only claim that the turnover order assigned or transferred to him was a single claim under *Stowers*. Carpenter does not allege—and he cannot allege—that the turnover order assigns him any claim for malice or gross negligence.

Second, even if the turnover order transferred a claim for punitive damages, which it did not, the transfer or assignment would be void under Texas law. As one court recently explained, "[c]ourts addressing assignability have often distinguished between claims that are property-based and remedial and claims that are personal and punitive, holding that the former are assignable and the latter are not." *Puga v. New York Marine & Gen. Ins. Co*., No. 2:19-CV-381, 2021 WL 293270, *4. (S.D. Tex. Jan. 28, 2021) (citing *PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd P'ship*, 146 S.W.3d 79, 87 (Tex. 2004)). "Consistent with that body of law, when a *Stowers* action is transferred . . . no claim for punitive damages accompanies the *Stowers* negligence claim." *Id*. (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ins. Co. of N. Am*., 955 S.W.2d 120, 134 (Tex. App.—Houston [14th Dist.] 1997), *aff'd sub nom. Keck, Mahin & Cate v. Nat'l Union Fire*

3

*Ins. Co. of Pittsburgh, Pa*., 20 S.W.3d 692 (Tex. 2000)).

The law forbidding the transfer of claims for punitive damages rests on solid ground. In *PPG Industries*, the Texas Supreme Court held that punitive damages arising under the DTPA are personal and punitive—rendering them not assignable. *PPG Industries*, 146 S.W.3d at 87. Similarly in *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.), the court held that DTPA and Insurance Code claims that were the subject of a turnover order were void and not transferrable. *Id*. at *13-15. Not only are the damages personal and punitive and not transferable, "[t]he general rule in a *Stowers* action is that the plaintiff's damages cannot exceed the amount of the underlying judgment." *Id*. at 15.

In *Tisdale*, the court examined whether the assignment of punitive damages claims under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act established constitutional standing. *Tisdale*, 2023 WL 1810413 at * 4. The court held that the plaintiff lacked standing to assert these claims: "[T]he Court finds the Assignment is invalid under Texas law because claims under the FDCPA and FCRA are personal and punitive in nature. . . . Because the Assignment is invalid, it cannot confer standing to Plaintiff to bring claims assigned by Ms. Greene." *Id.* at *11; *see also Launius v. Allstate Ins. Co*., No. 3:06-CV-0579-B, 2007 WL 1135347 *5 (N.D. Tex. April 17, 2007) (holding that claims of a personal and punitive nature do not transfer to a decedent's estate).

These cases are directly applicable here. Twin City's insured never accused Twin City of causing harm, but even if it had, that harm would be personal to the insured—as Carpenter readily concedes in his petition *See* Doc. No. 1-2 at 18 (Describing the harm Twin City allegedly "caused to its insureds."). As such, any claim for punitive damages is personal and punitive, and, therefore, non-transferrable under Texas laws. Because the turnover order does not transfer or assign any

4

claim for punitive damage to Carpenter, and because any such transfer would be void regardless, Carpenter lacks standing to assert his punitive damage claim. Accordingly, the Court should dismiss that claim under Rule 12(b)(1).

**B.    Carpenter's clam for equitable relief is not cognizable and he lacks standing.**

Carpenter included a claim for equitable relief in his original petition. Doc. No. 1-2 at 18. Specifically, he seeks the following:

> B.   upon a finding that Twin City violated the *Stowers* duty, appropriate *injunctive relief* prohibiting Twin City from engaging in the systematic insurance practices that led to the violation—with the specifics to be tailored to the systematic problems, deficiencies, and gaps that the evidence shows;
>
> C.   the following additional equitable relief as may be appropriate:
>
> (1) requiring Twin City to provide training and otherwise modify its insurance practices in a way that reduces the risk of future violations of the *Stowers* duty—with the  specifics to be tailored to the problems, deficiencies, and gaps that the evidence shows;
>
> (2) ordering all non-monetary equitable relief that may be appropriate to remedy the harm from a *Stowers* violations.

Doc. 1-2 at 20.

Carpenter's claim is frivolous; he cites no authority that a person can use the court system to require an insurance company to train employees about *Stowers*, particularly when the person is not even an insured. Moreover, anyone seeking injunctive relief from a federal court must prove: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that *the movant* will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Shafer v. Muro*, No. 2:20-CV-167, 2021 WL 2143614, *2 (S.D. Tex. May 26, 2021)

(citing *Texans for Free Enterprise v. Texas Ethics Com'n*, 732 F.3d 535, 536-37 (5th Cir. 2013)).

Setting aside the fact that Carpenter's claim against his employer for unpaid severance is not within the scope of coverage, rendering him unable to prevail on the merits; as a non-insured—someone with no business dealings with Twin City—Carpenter fails to describe any irreparable injury he stands to suffer if the Court denies his claim. The Court should dismiss this claim under Rule 12(c). In the alternative, the Court should dismiss this claim under Rule 12(b)(1) because the only claim Carpenter acquired through the turnover order is the *Stowers* claim. He has no standing to assert any other claim.

## CONCLUSION

Twin City requests the Court to dismiss Carpenter's claims for punitive damages and equitable relief, and to award Twin City any other relief to which it may be entitled.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, P.C.

By: ___/s/ Steven J. Knight___
CHRISTINE KIRCHNER
State Bar No. 00784403
c.kirchner@chamberlainlaw.com
STEVEN J. KNIGHT
State Bar No. 24012975
steven.knight@chamberlainlaw.co
CHRIS M. LEMONS
State Bar No. 24094799
chris.lemons@chamberlainlaw.co
m 1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 658-1818

COUNSEL FOR TWIN CITY FIRE INSURANCE COMPANY

MICHAEL W. JOHNSTON
State Bar No. 10840300
johnston@johnstonlegalgroup.com
JOHNSTON LEGAL GROUP P.C.
1616 Wabash Avenue
Fort Worth, Texas 76107-6598
(817) 820-0825

LOCAL COUNSEL FOR TWIN CITY FIRE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via the court's electronic filing system on September 27, 2023.

                          */s/ Steven J. Knight*
                          STEVEN J. KNIGHT