CIVIL ACTION NO. 3:23-CV-00769-N

# In the United States District Court
# Northern District of Texas - Dallas Division

JEFFREY W. CARPENTER,

*Plaintiff*,

v.

TWIN CITY FIRE INSURANCE COMPANY,

*Defendant*.

**TWIN CITY FIRE INSURANCE COMPANY'S BRIEF
IN SUPPORT OF ITS MOTION FOR PROTECTION**

Twin City Fire Insurance Company ("Twin City") files this Brief in Support of its Motion for Protection and requests the Court to grant it protection from Jeffrey Carpenter's second request for production.

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, P.C.

CHRISTINE KIRCHNER
State Bar No. 00784403
c.kirchner@chamberlainlaw.com
STEVEN J. KNIGHT
State Bar No. 24012975
steven.knight@chamberlainlaw.com
CHRIS M. LEMONS
State Bar No. 24094799
chris.lemons@chamberlainlaw.com
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 658-1818

COUNSEL FOR TWIN CITY FIRE INSURANCE
COMPANY


## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................................ iii

INTRODUCTION ...........................................................................................................................1

ARGUMENTS & AUTHORITIES .................................................................................................2

    A.    Applicable Standards ...............................................................................................2

    B.    The information Carpenter seeks is not relevant. .....................................................3

    C.    The information Carpenter seeks is not proportional. .............................................4

CONCLUSION ................................................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Physicians Ins. Exch. v. Garcia*,
   876 S.W.2d 842 (Tex. 1994) ...............................................................................................3

*Batson v. Neal Spelce Assocs., Inc.*,
   112 F.R.D. 632 (W.D. Tex. 1986) ........................................................................................3

*Carter v. H2R Restaurant Holdings, LLC*,
   No. 3:16-cv-1554-N-BN, 2017 WL 2439439 (N.D. Tex. June 6, 2017) ..........................2, 3

*Daves v. Dallas County, Texas*,
   No: 3:18-CV-154-N, 2020 WL 6504571 (N.D. Tex. Nov. 4, 2020) ....................................2

*Dizdar v. State Farm Lloyds*,
   No. 7:14-CV-402, 2015 WL 12780640 (Jan. 21, 2015) ......................................................3

*Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*,
   218 F.R.D. 125 (E.D. Tex. 2003) .........................................................................................3

*Mid-Continent Cas. Co. v. Eland Energy, Inc.*,
   795 F. Supp. 2d 493 (N.D. Tex. 2011), *aff'd,* 709 F.3d 515 (5th Cir. 2013) .......................4

*In re National Lloyds Insurance Company*,
   449 S.W.3d 486 (Tex. 2014) ................................................................................................4

*Puga v. New York Marine & General Ins. Co.*,
   No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021) ...........................................4

**Other Authorities**

FED. R. CIV. P. 12(b)(1) ................................................................................................................4

FED. R. CIV. P. 26(c)(1) ........................................................................................................ *passim*

FED. R. EVID. 401 ..........................................................................................................................2

## INTRODUCTION

Carpenter has no business dealings with Twin City of his own. The only reason this lawsuit exists is because he acquired a *Stowers* claim owned by Twin City's insured—the former employer he sued to collect unpaid severance pay. As the *Stowers* plaintiff, Carpenter must establish that his claim is within the scope of coverage. For the reason briefed, it is not. *See* Doc. Nos. 20 and 33.

Just three business days after Twin City filed its reply in support of its motion for summary judgment, Doc. No. 33, Carpenter peppered Twin City with *forty-one* additional requests for production—broad and invasive institutional bad faith discovery requests—fishing for enormous amounts of information that have nothing to do with his *Stowers* claim. App. at 1. Among other things, Carpenter demands Twin City to produce:

- Documents pertaining to training materials, best practices, claims handling manuals, and all documents its adjusters have ever used to adjust a claim dating back to 2008. *Id*. (RFP 15, 16, 17, 18, 30, 31).

- Documents relating to unrelated lawsuits, unrelated policyholders, and unrelated claims files, apparently nationwide and dating back to the inception of Twin City's business. *Id*. (RFP 33, 46, 47, 48, 49, 50, 51, 52, 53).

- Documents relating to employment practices, employee reviews and evaluations, personnel files, hiring procedures, and other information regarding employee bonuses. *Id*. (RFP 32, 34, 35, 36, 38. 39, 40).

- Documents relating to alleged financial motivations for the denying claims; policies for performance evaluations dating back to 2008; "third party administrators; and advice of outside counsel. *Id*. (RFP 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 37, 41, 42, 43, 44).

- Documents pertaining to reinsurance. *Id*. (RFP 54, 55).

Because this information is neither relevant nor proportional in this lawsuit, which involves no statutory or common law bad faith claims, Twin City moves for protection under Rule 26(c) of the Federal Rules of Civil Procure.

### ARGUMENTS & AUTHORITIES

**A.**     **Applicable Standards**

Rule 26(b)(1) defines the appropriate scope of discovery. "Parties may obtain discovery regarding any non-privileged matter that is relevant . . . and proportional . . . considering the . . . importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

"Discovery requests are considered 'relevant' when they seek admissible evidence or are 'reasonably calculated to lead to the discovery of admissible evidence.'" *Daves v. Dallas County, Texas*, No: 3:18-CV-154-N, 2020 WL 6504571, *2 (N.D. Tex. Nov. 4, 2020). "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FED. R. EVID. 401.

With respect to proportionality:

> [A] court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit—and the court must do so even in the absence of a motion.

*Carter v. H2R Restaurant Holdings, LLC*, No. 3:16-cv-1554-N-BN, 2017 WL 2439439, *3 (N.D. Tex. June 6, 2017).

When a party's requests exceeds these parameters, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden

or expense." Fed. R. Civ. P. 26(c)(1); *see also Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003). Protective orders are vital because:

> the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or evasive responses. All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake.

*Batson v. Neal Spelce Assocs., Inc.*, 112 F.R.D. 632, 642 (W.D. Tex. 1986).

"The Court has broad discretion in determining whether to grant a motion for a protective order." *Carter*, 2017 WL 2439439 at *4. Twin City respectfully requests the Court do so here.

**B.     The information Carpenter seeks is not relevant.**

In a *Stowers* lawsuit, the first inquiry is whether the claim against the insured is within the scope of coverage—an analysis driven by the policy's language and the evidence adduced in the underlying lawsuit. Even if Carpenter could clear that hurdle, which he cannot, the only other inquiry is whether (A) the settlement demand was within policy's limits, and (B) the likelihood of the insured's potential exposure to a judgment in excess of the policy's limits. *See Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 849 (Tex. 1994). The documents Carpenter seeks have no bearing on any of these issues.

Even in cases filed by actual insureds (Carpenter is not Twin City's insured) involving alleged Insurance Code and DTPA violations (not at issue here), courts recognize that fishing expeditions such as Carpenter's are improper. *See Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640 (Jan. 21, 2015) (rejecting similar institutional discovery requests and noting, "Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case."); *see also In re National Lloyds*

3

*Insurance Company*, 449 S.W.3d 486, 489 (Tex. 2014) ("[W]e fail to see how National Lloyds' overpayment, underpayment, or proper payment of the claims of unrelated third parties is probative of its conduct with respect to Erving's undervaluation claims at issue in this case.").

Presumably, Carpenter believes he is entitled to this invasive discovery because he has, rather brazenly, asserted a claim for punitive damages for allegedly harming, *not him*, but Twin City's inured, *i.e.*, the company *he* sued. *See* Doc. No. 1-2 at 18. However, when a non-insured, such as Carpenter, takes possession of an insured's *Stower*s claim, "no claim for punitive damages accompanies the *Stowers* negligence claim" because claims that are "personal and punitive" are not assignable or transferrable under Texas law. *Puga v. New York Marine & General Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270, *4 (S.D. Tex. Jan. 28, 2021).[1]

Notably, not even Twin City's insured would be entitled to the bad faith discovery Carpenter seeks. As explained in *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 507 (N.D. Tex. 2011), *aff'd,* 709 F.3d 515 (5th Cir. 2013), "[a]n insured . . . has no claim for bad faith premised on the insurer's investigation or defense of a claim brought against it by a third party." For all of these reasons, Carpenter's discovery requests—in furtherance of a claim he has no standing to pursue—are not relevant.

C.  **The information Carpenter seeks is not proportional.**

Carpenter's discovery requests are improper and would impose an undue burden on Twin City. His requests are particularly unreasonable because they violate the principles of proportionality set out in Rule 26(b)(1). None of the information Carpenter seeks is important in resolving the three basic *Stowers* elements, and the significant burden that compliance would impose on Twin

---

[1]  Because Carpenter has no standing to assert a claim for punitive damages, Twin City filed a motion to dismiss that claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doc. Nos. 34 and 35.

City outweighs its likely benefit. *See* FED. R. CIV. P. 26(b)(1); *see also* App. at 19.

Carpenter seeks an impossibly-broad spectrum of information and documents relating to training materials, unrelated lawsuits, unrelated policyholders, employment practices, dealings with third parties, including attorneys, etc. The information is irrelevant, privileged, proprietary, and burdensome. Indeed, this information and documents, to the extent they exist, are not maintained in one central location, nor is there a comprehensive electronic database that could locate all responsive information and documents. Twin City would be required to conduct an unduly burdensome, file-by-file search of records at different locations throughout the nation, apparently dating back to the inception of the company. App. at 19. Moreover, the information sought would be interwoven with information that is private, privileged, confidential and proprietary, requiring a review by counsel.

The burden and expenses of responding to such discovery requests far outweigh any probative value this information might provide. Indeed, none of the information Carpenter seeks moves the needle on a single element of his *Stowers* claim. Moreover, because the underlying lawsuit alone spans a total of fifteen years, to gather information regarding unrelated business practices over an indeterminate timespan is an abusive discovery tactic.

Carpenter also seeks extensive confidential information related to individual employees that would improperly violate the personal and privacy rights of uninvolved personnel. Among the numerous requests, Carpenter seeks information such as employee performance reviews and evaluations, hiring information regarding certain employees, and entire personnel files. Individual employees should not be subjected to having their confidential information combed through by a curious opposing counsel.

The scope and breadth of materials sought is truly staggering, even seeking attorney-client

5

privileged communication and core work product. The wide net cast encompasses a vast range of documents and electronic discovery without any regard for relevancy, proportionality, reasonable limits on time, geographical boundary, or even parties to this litigation. Carpenter's primary goal in demanding production of these materials is not for the pursuit of relevant information—they have no bearing on whether there is coverage under the policy.

Instead, the timing of the requests coupled with their irrelevance and disproportionality makes it apparent there was a motive to harass. This raises concerns in light of Rule 26(g)(1)'s signature and verification requirements. Regardless, faced with discovery of such scale—grossly overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence—Twin City must seek judicial protection.

## CONCLUSION

Twin City respectfully asks this Court for an order of protection from Carpenter' second request for production and any additional relief to which it may be entitled.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.

By:  /s/ Steven J. Knight
CHRISTINE KIRCHNER
State Bar No. 00784403
c.kirchner@chamberlainlaw.com
STEVEN J. KNIGHT
State Bar No. 24012975
steven.knight@chamberlainlaw.co
CHRIS M. LEMONS
State Bar No. 24094799
chris.lemons@chamberlainlaw.co
m 1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 658-1818

COUNSEL FOR TWIN CITY FIRE INSURANCE COMPANY

        MICHAEL W. JOHNSTON
        State Bar No. 10840300
        johnston@johnstonlegalgroup.com
        JOHNSTON LEGAL GROUP P.C.
        1616 Wabash Avenue
        Fort Worth, Texas 76107-6598
        (817) 820-0825

        LOCAL COUNSEL FOR TWIN CITY FIRE
        INSURANCE COMPANY

## CERTIFICATE OF CONFERENCE

I certify that I conferred with plaintiff's counsel regarding the relief requested herein, and plaintiff's counsel informed me that plaintiff is opposed.

        */s/ Steven J. Knight*
        STEVEN J. KNIGHT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on all counsel of record via the court's electronic filing system on October 3, 2023.

        */s/ Steven J. Knight*
        STEVEN J. KNIGHT