CIVIL ACTION NO. 3:23-CV-00769-N

# In the United States District Court
# Northern District of Texas - Dallas Division

JEFFREY W. CARPENTER,

*Plaintiff*,

v.

TWIN CITY FIRE INSURANCE COMPANY,

*Defendant*.

## TWIN CITY FIRE INSURANCE COMPANY'S SUPPLEMENTAL APPENDIX IN SUPPORT OF ITS MOTION FOR PROTECTION

Twin City Fire Insurance Company ("Twin City") files this Supplemental Appendix in Support its Motion for Protection from Carpenter's second request for production.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.

By:  */s/ Steven J. Knight*
    CHRISTINE KIRCHNER
    State Bar No. 00784403
    c.kirchner@chamberlainlaw.com
    STEVEN J. KNIGHT
    State Bar No. 24012975
    steven.knight@chamberlainlaw.co
    CHRIS M. LEMONS
    State Bar No. 24094799
    chris.lemons@chamberlainlaw.co
    m 1200 Smith Street, Suite 1400
    Houston, Texas 77002
    (713) 658-1818

COUNSEL FOR TWIN CITY FIRE INSURANCE
COMPANY

MICHAEL W. JOHNSTON
State Bar No. 10840300
johnston@johnstonlegalgroup.com
JOHNSTON LEGAL GROUP P.C.
1616 Wabash Avenue
Fort Worth, Texas 76107-6598
(817) 820-0825

LOCAL COUNSEL FOR TWIN CITY FIRE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via the court's electronic filing system on November 14, 2023.

_____*/s/ Steven J. Knight*_____
STEVEN J. KNIGHT

| DOCUMENT | PAGE |
|---|---|
| Twin City's Responses and Objections to Carpenter's Second Request for Production | Supplemental Appendix at App. 001-043 |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY W. CARPENTER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-00769-N |
| | § | |
| TWIN CITY FIRE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S OBJECTIONS AND
RESPONSES TO SECOND REQUESTS FOR PRODUCTION**

Twin City Fire Insurance Company serves its objections and responses to Plaintiff's Second Requests for Production pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure:

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, P.C.

By: ____*/s/Christine Kirchner*____
CHRISTINE KIRCHNER
State Bar No. 00784403
c.kirchner@chamberlainlaw.com
STEVEN J. KNIGHT
State Bar No. 24012975
steven.knight@chamberlainlaw.com
CHRIS M. LEMONS
State Bar No. 24094799
chris.lemons@chamberlainlaw.com
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 658-1818

COUNSEL FOR TWIN CITY FIRE INSURANCE COMPANY

**App. 001**

MICHAEL W. JOHNSTON
State Bar No. 10840300
johnston@johnstonlegalgroup.com
JOHNSTON LEGAL GROUP P.C.
1616 Wabash Avenue
Fort Worth, Texas 76107-6598
(817) 820-0825

LOCAL COUNSEL FOR TWIN CITY FIRE INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via facsimile, hand delivery, electronic mail, and/or certified mail on October 4, 2023 as follows:

Amy E. Gibson
amy@gwfirm.com
David L. Wiley
david@gwfirm.com
GIBSON WILEY PLLC
1500 Jackson Street # 109
Dallas, Texas 75201

_____/s/Christine Kirchner_____
CHRISTINE KIRCHNER

**App. 002**

**DEFENDANT'S OBJECTIONS AND**
**RESPONSES TO SECOND REQUESTS FOR PRODUCTION**

15.     **All claims manuals, policy manuals, standards, guidelines, procedures, best practices, training materials, seminar materials, litigation manuals, and all other documents or reference sources which were used by you at any time since April 28, 2008, in connection with the adjusting or claims-handling for claims arising out of any employment practices liability you cover or insure.**

Defendant objects to this request because it seeks documents that are not relevant. Notably, this case is a *Stowers* claim where there is no coverage for Plaintiff's claims. Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). These are requests targeting bad faith and gross negligence causes of action, not a *Stowers* claim. Accordingly, these requests are not relevant.

This request is overly broad in both time, scope, subject matter, and geographic location, as it essentially asks for all documents that have any relation to Defendant's claims handling procedures for a time period that spans from 2008 to present. Further, this request is overly burdensome and unduly expensive, requiring Defendant to find every manual, training document, or undescribed "other documents or reference sources" for the last fifteen years on a national scale to see if an adjuster or any employee used a manual to adjust a claim. Twin City is licensed to engage in the business of insurance in fifty states plus the District of Columbia. Responding to this request would require Twin City to research every claim submitted by insureds (which would be in the thousands), figure out which ones involved employment practices liability coverage (also in the thousands), and review the claims files and gather "all documents" that were "used" to adjust the claim. This request is not proportional to the needs of this case, and it is nothing more than harassment.

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before

3

rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

Ultimately, Plaintiff is seeking documents that are not relevant to the issues in dispute. Plaintiff's request for claims manuals, policy manuals, standards guidelines, best practices, training materials, seminar materials, litigation materials, and all other adjusting and claims handling procedures is no way related to Plaintiff's allegation that Defendant improperly handled the demand for settlement within the underlying case. This is exactly the type of "fishing expedition" that is disallowed by Courts within the Fifth Circuit. *See Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar*, 2015 WL 12781020 at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case.").

16.     **All claims manuals, policy manuals, standards, guidelines, procedures, best practices, training materials, seminar materials, litigation manuals, and all other documents or reference sources which were used by you at any time since April 28, 2008, to train your employees or adjusters or independent contractors doing work for you, on *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved) or what is commonly referred to as the *Stowers doctrine* or *Stowers liability*.**

Defendant objects to this request because it seeks documents that are not relevant. Notably, this case is a *Stowers* claim where there is no coverage for Plaintiff's claims. Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). These are requests targeting bad faith and gross negligence causes of action, not a *Stowers* claim. Accordingly, these requests are not relevant.

4

This request is overly broad in both time, scope, subject matter, and geographic location, as it essentially asks for all documents that have any relation to Defendant's claims handling procedures for a time period that spans from 2008 to present. Further, this request is overly burdensome and unduly expensive, requiring Defendant to find every manual, training document, or undescribed "other documents or reference sources" for the last fifteen years on a national scale to see if an adjuster or any employee used a manual to adjust a claim. Twin City is licensed to engage in the business of insurance in fifty states plus the District of Columbia. Responding to this request would require Twin City to research every claim submitted by insureds (which would be in the thousands), figure out which ones involved employment practices liability coverage (also in the thousands), and review the claims files and gather "all documents" that were "used" to adjust the claim. This request is not proportional to the needs of this case, and it is nothing more than harassment.

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

Ultimately, Plaintiff is seeking documents that are not relevant to the issues in dispute. Plaintiff's request for claims manuals, policy manuals, standards guidelines, best practices, training materials, seminar materials, litigation materials, and all other adjusting and claims handling procedures is no way related to Plaintiff's allegation that Defendant improperly handled the demand for settlement within the underlying case. This is exactly the type of "fishing expedition" that is disallowed by Courts within the Fifth Circuit. *See Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar*, 2015 WL 12781020 at *8 ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case.").

17. **All reports, or documents, or data received from any consultants concerning claims handling strategies, tactics, and practices.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents, data, or reports regarding claims handling practices will not aid in the determination as to whether there was a duty to defend in the underlying lawsuit. As such,

this request lacks relevance, and this request falls outside the scope of discovery. This is exactly the type of "fishing expedition" that is disallowed by Courts within the Fifth Circuit. *See Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar*, 2015 WL 12781020 at *8 ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case.").

This request is vague or ambiguous because it does not describe the documents sought with reasonable particularity. Specifically, "consultants" is not defined, and Defendant does not know what this request encompasses. Defendant is unsure whether this refers to outside attorneys or some other type of "consultants." Further, to the extent that this request seeks documents that are protected by the attorney-client privilege and the work-product doctrine, Defendant asserts that these documents are privileged.

This request is overly broad in both time, scope, subject matter, and geographic location, as it does not properly limit the time span or scope of its target to only seek information related to the claim at issue. This request impermissibly targets any and all of millions of claims involving an unknown multitude of people, information, and other irrelevant data. Further, this request is overly burdensome and unduly expensive, requiring Defendant to find every report, document, or "data" on a national scale to see if an consultant ever talked to Defendant concerning claims handling strategies, tactics, or practices since the inception of the company. This request is not proportional to the needs of this case, and it is nothing more than harassment.

Finally, Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices and gross negligence when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

**18.** **All reports, or documents, or data you received from any source containing any discussion of how claims handling practices affect the earnings of an insurance company.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This request is in no way relevant to this *Stowers* case.

This request is overly broad in both time, scope, subject matter, and geographic location, as it does not properly limit the time span, nor scope of its target to only seek information related to the claim at issue. It is not limited to a certain state. Further, the request asks for Defendant to make assumptions as to what would "affect the earnings" of an entire company which is a convoluted and complicated issue. This request seeks confidential information regarding the earnings of Defendant that would in no way lead to the discovery of admissible evidence.

Further, this request is overly burdensome and unduly expensive, requiring Defendant to find every report, document, or "data" on a national scale where claims handling practices were discussed since the inception of the company. This request is not proportional to the needs of this case, vague, and it is nothing more than harassment.

Defendant further objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry. Additionally, as worded, this request seeks information protected by the attorney-client and work product privileges.

Defendant further objects to this request because it is not relevant. This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for claims handling documents is impermissibly vague, and is no way related to Plaintiff's allegation that Defendant improperly handled the demand for settlement within the underlying case. This is exactly the type of "fishing expedition" that is not allowed by Courts within the Fifth Circuit. *Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); see also *Dizdar* at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case.").

Finally, Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices and gross negligence when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See*

7

*Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

19. **All documents concerning, constituting, or referencing awards or bonuses paid to employees, or unpaid but written commendations given, for denying certain numbers of claims.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding claims handling practices will not aid in the determination as to whether there was a covered claim concerning the duty to indemnify in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

Defendant further objects to this request because it is not relevant. This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents regarding employment practices and recommendations for bonuses is impermissibly vague, and is no way related to Plaintiff's allegation that Defendant improperly handled the demand for settlement within the underlying case. This is exactly the type of "fishing expedition" that is disallowed by Courts within the Fifth Circuit. *Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar*, 2015 WL 12781020 at *8 ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case.").

This request is overly broad in both time, scope, subject matter, and geographic location, as it does not properly limit the time span, nor scope of its target to only seek information related to the claim at issue. It is not limited to a certain state. It is a harassing request with no relevance to the sole claim at issue.

8

**App. 008**

Defendant further objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

Finally, Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant and not discoverable.

**20.    All documents concerning, constituting, or referencing awards or bonuses paid to employees, or unpaid but written commendations given, for approving certain numbers of claims.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding claims handling practices will not aid in the determination as to whether breached a *Stowers* duty. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents referring to recommendations for bonuses or other employment practices is impermissibly vague, and is no way related to Plaintiff's allegation. This is exactly the type of "fishing expedition" that is not allowed by Courts within the Fifth Circuit. *Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar* at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely

9

related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case.").

This request is overly broad in both time, scope, subject matter, and geographic location, as it does not properly limit the time span, nor scope of its target to only seek information related to the claim at issue. It is not limited to a certain state. This request also impermissibly requests personal and private information related to third parties, which is likewise improper.

Defendant further objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

Finally, Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co*., No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

**21.    A copy of any and all policies, booklets, and procedural guidelines describing or explaining your implementation of employee performance reviews/evaluations for your claims-handling unit — or any other employee of yours involved in the assessment or adjustment of any claim concerning the underlying suit or the rejection of any offer to settle the underlying suit — between the period of April 28, 2008, and June 1, 2016.**

Defendant objects to this request because it is not relevant. This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Any policies, procedures, or employee practices are not relevant to Plaintiff's *Stowers* claim.

This request is overly broad in both time, scope, subject matter, and geographic location, as it essentially asks for all documents that have any relation to Defendant's claims handling guidelines for a time period that spans from 2008 to present. Further, this request

is overly burdensome and unduly expensive, requiring Defendant to find every policy, booklet, and procedural guideline describing employee performance reviews/evaluations for the last fifteen years on a national scale to see if an adjuster or any employee used a manual to adjust a claim. This would necessitate contacting every office nationwide to search for responsive documents. This could take hundreds of hours of time, and is no way relevant to this case—much less proportional to the needs of the case.

Finally, Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

22. **A copy of any and all forms, documents, templates, and writings utilized in conducting employee performance reviews/evaluations for your claims-handling unit — or any other employee of yours involved in the assessment or adjustment of any claim concerning the underlying suit or the rejection of any offer to settle the underlying suit — between the period of April 28, 2008, and June 1, 2016. Note: This request is limited to the blank forms, templates, and other documents and writings, as they existed before any information was added pertaining to any specific employee.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding claims handling practices will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit, making this request nothing more than harassment. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for claims handling documents is impermissibly vague, and is no way related to Plaintiff's allegation. This is exactly the type of "fishing expedition" that is disallowed by Courts within the Fifth Circuit. *Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only

matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar*, 2015 WL 12781020 at *8 ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case.").

This request is overly broad in both time, scope, subject matter, and geographic location, as it essentially asks for all documents that have any relation to Defendant's claims handling guidelines for a time period that spans from 2008 to 2016. Further, this request is overly burdensome and unduly expensive, requiring Defendant to find every document describing employee performance reviews/evaluations for the last fifteen years on a national scale to see if an adjuster or any employee used a manual to adjust a claim. This would necessitate contacting every office nationwide to search for responsive documents. This could take hundreds of hours of time, and is no way relevant to this case—much less proportional to the needs of the case.

Finally, Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith and gross negligence are not relevant, and not discoverable.

23.   **A copy of any and all memoranda, letters, e-mails, reports, notes, or written documents provided to supervisors of your claims-handling unit [or of any other employees involved in the assessment or adjustment of any claim concerning the underlying suit or the rejection of any offer to settle the underlying suit] outlining, describing, or setting forth unit or employee performance goals/expectations — between the period of April 28, 2008, and June 1, 2016.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding claims handling practices will not aid in the determination as to whether there was a duty to defend in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent

insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for claims handling documents is impermissibly vague, and is no way related to Plaintiff's allegation. This is exactly the type of "fishing expedition" that is disallowed by Courts within the Fifth Circuit. *Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar*, 2015 WL 12781020 at *8 ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case.").

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

Finally, Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith and gross negligence are not relevant, and not discoverable.

24.    **All communications in the calendar year 2016 with any of your employees involved in the assessment or adjustment of any claim concerning the underlying suit or the decision to accept or reject any offer to settle the underlying suit, or with such employee's supervisor(s), made for the purposes of training, motivation, quality assurance, performance review, performance evaluation, file review, or employee compensation, if such communication contains any of the following terms (including the plural form where indicated): "leakage," "settlement size," "ratio," "industry," "loss," "profit," "goal(s)," "outcome(s)," "average(s)," "mean," "favorable settlement(s)," "unfavorable settlement(s)" "overpay," "overpaid," "overpayment(s)," "average claim(s) pending," "bonus," "congratulations," "congratulate," "congratulated" or "incentive."**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the

13

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding claims handling practices will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents pertaining to employment practices is impermissibly vague, and is no way related to Plaintiff's allegation. This is exactly the type of "fishing expedition" that is disallowed by Courts within the Fifth Circuit. *Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar*, 2015 WL 12781020 at *8 ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case.").

Defendant further objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

Finally, Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith and gross negligence are not relevant, and not discoverable.

**25.** **Relevant portion of all documents constituting employee performance reviews/evaluations, claim file audits, file review questions, or quality assurance reviews for each of your employees involved in the assessment or adjustment of any claim concerning the underlying suit or the decision to accept or reject any offer to settle the underlying suit, or such employee's supervisor(s). Notes: (1) "Relevant portions" as used in this request means only the parts of such documents which (a)**

14

**could provide an incentive or motivation to pay less on claims or to delay payment of claims or (b) could provide a disincentive or discouragement to pay more on claims or to pay claims sooner.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding claims handling practices or employee policies will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents pertaining to employment practices is impermissibly vague, and is no way related to Plaintiff's allegation. This is exactly the type of "fishing expedition" that is disallowed by Courts within the Fifth Circuit. *Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar*, 2015 WL 12781020 at *8 ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case."). Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

26. **All documents that establish, implement, report upon, or refer to incentive pay, bonus pay, performance-based pay, or financial award programs — during the period of April 28, 2008, and June 1, 2016 — for each of your employees involved in the assessment or adjustment of any claim for benefits concerning the underlying suit or the decision to accept or reject any offer to settle the underlying suit, and such employee's supervisor(s).**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding claims handling practices will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents pertaining to employment practices is impermissibly vague, and is no way related to Plaintiff's allegation. This is exactly the type of "fishing expedition" that is frowned upon by Courts within the Fifth Circuit. *Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar* at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case."). Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co*., No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before

16

rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

27.    **All communications made at any time during the period of April 28, 2008, and June 1, 2016, that informed each of your employees involved in the assessment or adjustment of any claim for benefits concerning the underlying suit or the decision to accept or reject any offer to settle the underlying suit, and each of such employee's supervisor(s), of the manner in which they could expect to get bonuses, commissions, performance-based pay or increases in pay or salary. Include any notes taken, and recordings taken, of any such communications that were made orally.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding claims handling practices will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for employee performance incentives is impermissibly vague, and is no way related to Plaintiff's allegation. This is exactly the type of "fishing expedition" that is disallowed by Courts within the Fifth Circuit. *Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar* at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case.").

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

Finally, Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot

**App. 017**

seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

28.   **All documents that reference the setting of reserves as any consideration in the compensation, performance pay, or bonuses payable to each of your employees involved in the assessment or adjustment of any claim for benefits concerning the underlying suit or the decision to accept or reject any offer to settle the underlying suit, and each of such employee's supervisor(s).**

Defendant objects to this request because it is not relevant. This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. An insurance carrier setting reserves has no relevance to a *Stowers* claim, and a request for reserves or recommendations for changing reserves falls outside the scope of discovery. *See e.g., Leski Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 106 (D. NJ. 1989) (coverage dispute where court concluded reserve information was of very tenuous relevancy and was not generally discoverable); *National Union Fire Ins. Co. v. Stauffer Chemical Co.*, 558 A.2d 1091,1097–98 (Del. Super. 1989) (duty to defend suit in which court determined reserves have little probability of leading to admissible facts, and the mere fact that reserves were established did not necessarily mean the insurer believed the claim would be covered under the policy); *Sdiierenberg v. Howell-Baldwin*, 571 N.E.2d 335, 337–38 (Ind. App. 1991) (reserve information sought in negligence action was inadmissible at trial because it dealt with liability insurance and was not discoverable because it did not lead to the discovery of admissible facts); *Cummins, Inc. v. Ace Am. Ins. Co.*, No. 1:09-cv-00738-JMS-DML, 2011 U.S. Dist. LEXIS 4568, at *34 (S.D. Ind. 2011) ("The court agrees with the Insurers that the connection between the requested loss reserve information and the issues in this case is too attenuated to require the Insurers to search for and produce every document that relates to the setting (or not setting) of loss reserves for Cummins's Claim. Because of the business risk and regulatory compliance considerations involved in the setting of loss reserves, loss reserves information are not synonymous with, and may not be particularly probative of, an Insurer's opinion on the true value of a particular claim or on coverage."); *see also Silva v. Basin Western, Inc.*, 47 P.3d 1184, 1190-1192 (Colo. 2002) (discussion of cases across the country regarding discoverability of loss reserve information in both the first-party and third-party insurance context).

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before

rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

Finally, Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

## 29. All communications in the calendar year 2016 with any of your employees involved in the assessment or adjustment of any claim concerning the underlying suit or the rejection of any offer to settle the underlying suit, or with such employee's immediate supervisor(s), describing, stating, discussing, or referring to unit or employee performance goals or management's expectations.

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding claims handling practices will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for information regarding "expectations" is impermissibly vague, and is no way related to Plaintiff's allegation. This is exactly the type of "fishing expedition" that is disallowed by Courts within the Fifth Circuit. *Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar* at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case."). Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot

seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith and gross negligence are not relevant, and not discoverable.

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

30.   **All transcripts and recordings of speeches or presentations in any form whatsoever, including but not limited to power point presentation materials, overheads, or slides, made by any of the following of your employees — between the period of April 28, 2008, and June 1, 2016 — on the subjects of employment practices liability claims investigation or the evaluation and determination or payment of employment practices liability claims:**

   **(a) executive officers,**

   **(b) claims officers [including claims vice presidents], and**

   **(c) in-house legal counsel.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding general policies or claims handling practices will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

Further, this request is overly burdensome and unduly expensive, requiring Defendant to find every transcript, recording or presentation about employment practice liability claims across 50 states for an eight-year time period. This request is not proportional to the needs of this case, and it is nothing more than harassment.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for claims handling documents is impermissibly vague, and is no way related to Plaintiff's allegation. This is exactly the type of "fishing expedition" that is disallowed by Courts within the Fifth Circuit. *Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar* at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case."). Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith and gross negligence are not relevant, and not discoverable.

31.   **All documents (including but not limited to video presentations, power point presentations, manuals, computer presentations, bulletins, guidelines) used to train any of your employees who were involved in the assessment or adjustment of any claim concerning the underlying suit or the rejection of any offer to settle the underlying suit, or their immediate supervisors. This request is limited to documents created or used during any part of the period between April 28, 2008, and June 1, 2016. It includes, but is not limited to, information available on the internet or on your private networks.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding claims handling practices will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

Further, this request is overly burdensome and unduly expensive, requiring Defendant to find every transcript, recording, or presentation about employment practice liability claims

across 50 states for an eight-year time period. This request is not proportional to the needs of this case, and it is nothing more than harassment.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for training materials and documents is impermissibly vague, and is no way related to Plaintiff's allegation. This is exactly the type of "fishing expedition" that is disallowed by Courts within the Fifth Circuit. *Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar* at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case."). Finally, Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co*., No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

**32.    All documents constituting job descriptions for any of your employees who were involved in the assessment or adjustment of any claim concerning the underlying suit or the rejection of any offer to settle the underlying suit, and all of their supervisors, and for each person in the chain of command above these individuals up to the head of your claims department.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding general employment and hiring practices will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery. Further, this request is nothing more than harassment.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand

**App. 022**

within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. An isolated job description is in no way related to Twin City's duty to settle. This is exactly the type of "fishing expedition" that is disallowed by Courts within the Fifth Circuit. *Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar* at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case.").

Finally, Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co*., No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith and gross negligence are not relevant, and not discoverable.

**33.**   **All transcripts of all trial or deposition testimony of each of your current or former employees, in any civil action in which you were aware that you were being accused of violating a law by negligently [or in bad faith] failing or refusing to accept an offer to settle a lawsuit — within policy limits — against one or more of your insureds.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for trial or deposition testimony and related documents is impermissibly vague, and is no way related to Plaintiff's allegation. This is exactly the type of *Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar* at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of

discovery because they cannot speak to what happened in this individual case."). Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.).
 This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith and gross negligence are not relevant, and not discoverable.

This request is overly broad in time, scope, and geographic location, as it does not properly limit the time span, nor scope of its target to only seek information related to the claim at issue. It requests all transcripts from Twin City's inception regarding any by negligently failing to settle in any state across the country. This request is nothing more than harassment. It is unduly burdensome, unduly expensive, and not proportional to the needs of the case. There is no geographic or temporal limit, and apparently requests this information for every court across the nation, state by state, county by county, going back to the inception of Twin City. Responding to this request would necessitate contacting every lawyer who has ever defended a Twin City lawsuit in America to hunt down the documents Plaintiff seeks. It would further entail finding every lawsuit brought against Twin City and determining the nature of the case to see if it was responsive. The costs of finding these documents, copying them, and compiling them would costs hundreds of thousands of dollars. Further, this request is nothing more than harassment.

34.  **For each of your employees involved in the assessment or adjustment of any claim concerning the underlying suit or the rejection of any offer to settle the underlying suit, and each of their supervisors — all documents used before hiring each to investigate whether they had ever been accused of violating any law governing the provision of insurance, and all documents referencing the methods used in, and results of, such investigation.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding employee information and adjustment practices will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery. Further, this request is nothing more than harassment.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand

within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents targeted at employment practices and individual information regarding the hiring of adjusters is in no way related to Plaintiff's allegation. This request also impermissibly requests personal and private information related to third parties.

Finally, Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co*., No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith and gross negligence are not relevant, and not discoverable.

35.   **The *described portions* of all personnel files for each of your employees involved in the assessment or adjustment of any claim concerning the underlying suit or the decision to accept or reject any offer to settle the underlying suit, and for each of their immediate supervisors. For the purposes of this request for production "*described portions*" means only those parts of the personnel files which:**

   (a)   **mention the underlying suit or any offer to settle the underlying suit; or,**

   (b)   **which could tend to show that an employee or agent was in any way encouraged, commended for, or incentivized (whether or not in tended by Twin City Fire Insurance Company or any of its parent entities) to cause Twin City Fire Insurance Company to pay less on claims or to delay payment of claims; or,**

   (c)   **which could tend to show that a Twin City Fire Insurance employee or agent was in any way discouraged, criticized for, or disincentivized (whether or not intended by Twin City Fire Insurance Company or any of its parent entities) from causing Twin City Fire Insurance Company to pay more on claims or to pay claims sooner.**

   **"*Described portions*" include, but are not limited to, any mention of bonus pay, profit sharing, incentive pay, alternative compensation, performance pay or other employee compensation arrangements based on mean settlement size, claims payment goals, or on Twin City Fire Insurance Company's financial performance or loss ratios.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding unrelated personnel files will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery. Further, this request is nothing more than harassment.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents targeted at employment practices and individual personnel files is in no way related to Plaintiff's allegation. This request also impermissibly requests personal and private information related to third parties.

Finally, Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith and gross negligence are not relevant, and not discoverable.

36.    **The entire personnel file for each of your employees involved in the assessment or adjustment of any claim concerning the underlying suit or the decision to accept or reject any offer to settle the underlying suit, and for each of their immediate supervisors, and for each person in the chain of command above these individuals up to the head of the claims department. *Except* the following documents are excluded from this request and need not be produced pursuant to this request unless Twin City Fire Insurance Company may use the documents to support any of its claims or defenses:**

    (a)    **Documents solely concerning the employee's health, medical, sexual, psychological, substance use, or disability issues;**

    (b)    **Documents solely concerning vacation, orderliness, neatness, work hours, attendance, or tardiness;**

    (c)    **Documents solely concerning interoffice personal relationships;**

    (d)    **Documents solely concerning the employee's personal habits or traits, so long as those habits are not stated to be tied to claims-handling activities.**

> (e)  **Documents solely concerning any combination of the above-listed documents.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding personnel records and general claims handling practices will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents targeted at employment practices and individual personnel files is in no way related to Plaintiff's allegation.

This request also impermissibly requests personal and private information related to third parties that are in no way relevant to this litigation. Defendant fails to see how an employee's "sexual issues" have anything to do with rejecting Plaintiff's clearly uncovered claim.

Finally, Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith and gross negligence are not relevant, and not discoverable.

37. **For the period between April 28, 2008, and June 1, 2016, all communications to any employees involved in the assessment or adjustment of any claim concerning the underlying suit or the decision to accept or reject any offer to settle the underlying suit, or their immediate supervisors, and all persons in the chain of command above these individuals up to the head of the claims department, suggesting or stating directly or indirectly that any such person might be able to make more money if**

> (a)  **you paid less in claims or rejected settlement offers or**

**(b)    your combined ratio or other measure of underwriting profitability met certain goals.**

**Include any notes taken, and recordings taken, of any such communications that were made orally.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding claims handling practices will not aid in the determination as to whether there was a duty to defend in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents targeted at employee incentives to deny claims are in no way related to Plaintiff's allegation.

Finally, Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co*., No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

**38.    All quality assurance audits and claim file reviews for any of your employees or agents involved in the assessment or adjustment of any claim concerning the underlying suit or any decision whether to accept or reject any offer to settle the underlying suit.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding undefined "quality assurance audits" or claim file reviews" regarding claims handling will not aid in the determination as to whether there Defendant

28

breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents targeted at undefined "quality assurance audits" or claim file reviews" is in no way related to Plaintiff's allegation. This request also impermissibly requests personal and private information related to third parties.

Plaintiff seeks to impermissibly obtain discovery regarding bad faith claims handling practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

This request is overly broad in time, scope, and subject matter, as it does not properly limit the time span, nor scope of its target to only seek information related to the claim at issue. The request goes far beyond any of the issues in this case.

39.   **All forms, documents, templates, and writings used in conducting claim file audits or quality assurance reviews of your claims department. This request is limited to the blank forms, templates, and other documents and writings, as they existed before any information was added pertaining to any specific file.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially,

any documents regarding claims handling practices will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents targeted at undefined "quality assurance audits" or claim file reviews" is in no way related to Plaintiff's allegation.

Plaintiff seeks to impermissibly obtain discovery regarding claims handling review practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

This request is overly broad in both time, scope, subject matter, and geographic location, as it does not properly limit the time span, nor scope of its target to only seek information related to the claim at issue. It is not even limited to a certain state. The request goes far beyond any of the issues in this case.

40.  **All file reviews or audits for any claim for coverage or for payment of benefits in the underlying suit — or the decision to accept or reject any offer to settle the underlying suit — that you keep in the normal course of business and that also mentions Jeff or any of the insureds to the insurance policy named Private Choice Encore! Policy number 00 KB 0229269-07.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding unrelated claims handling practices will not aid in the determination as to whether there was a duty to defend in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

Defendant also objects to this request as vague and confusing. Defendant has no clue what is even being requested.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents targeted at "file reviews or audits" is in no way related to Plaintiff's allegation.

Plaintiff seeks to impermissibly obtain discovery regarding claims handling review practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co*., No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry. Additionally, as worded, this request seeks information protected by the attorney-client and work product privileges.

41. **All documents referring to goals, targets, or objectives established for claim payments, or loss ratios, or combined ratios, applicable to the adjustment of claims involving coverage contained in any management practices insurance policies, "Private Choice Encore!" insurance policies, or insurance policies covering any employment practices liability.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding claims handling practices will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

Defendant also objects to this request as vague and confusing. Defendant has no clue what is even being requested.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents targeted at only heaven knows what is in no way related to Plaintiff's allegation. This request also impermissibly requests personal and private information related to third parties.

Plaintiff seeks to impermissibly obtain discovery regarding claims handling review practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry. Additionally, as worded, this request seeks information protected by the attorney-client and work product privileges.

This request is overly broad in both time, scope, subject matter, and geographic location. It is not properly limit the time span, and the scope of its target to only seek information related to the claim at issue. The request goes far beyond any of the issues in this case.

42.   **All documents constituting agreements with any third-party administrators involved in the assessment or adjustment of any claim concerning the underlying suit or the rejection of any offer to settle the underlying suit.**

None.

**43.**  **All communications with any third-party administrators involved in the assessment or adjustment of any claim concerning the underlying suit or the decision to accept or reject any offer to settle the underlying suit — that concern or reference such claim or offer.**

None.

**44.**  **For any advice of outside counsel on which you relied [in part or in whole] in the assessment or adjustment of any claim for payment of benefits concerning the underlying suit or any decision to either accept or reject any offer to settle the underlying suit — all written advice, all notes made or recordings made of oral advice, and all communications about or referencing any such written or oral advice.**

None.

**45.**  **To the extent not produced in response to any other request, all communications with any of your employees involved in the assessment or adjustment of any claim concerning the underlying suit or the decision to accept or reject any offer to settle the underlying suit — that concern or reference such claim or offer or decision.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

Defendant also understands that Plaintiff already possesses the documents it seeks by obtaining the documents from the insured and the insured's counsel pursuant to the state court's turnover order. Defendant objects to producing documents already in Plaintiff's possession because they are equally accessible to Plaintiff and obtainable from another source (Plaintiff) that is more convenient, less burdensome, or less expensive. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

33

Additionally, as worded, this request seeks information protected by the attorney-client privilege by asking for "all communications with any of your employees," which does not exclude documents created by Defendant's attorneys.

Defendant agrees to produce non-privileged, responsive documents created prior to June 1, 2016, subject to the Court's ruling on Defendant's motion to stay discovery and motion for protection and second motion for protection.

46.   **A copy of each and every communication in which you either denied an insurance claim for payment of benefits or declined to settle a civil proceeding, in whole or in part, because**

   (a)   **the loss alleged was for "salaries, wages, or bonuses, except as a component of a front or back pay award" or**

   (b)   **under any exclusion for "employment termination severance payments."**

**For any oral communications about such history, all notes or recordings made of such oral communications.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding unrelated claims will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents targeted at unrelated claims not reasonably related to Plaintiff's allegation. Each claim is determined on its merits and the policy language.

Plaintiff seeks to impermissibly obtain discovery regarding claims handling review practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D.

**App. 034**

Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry. Additionally, as worded, this request seeks information protected by the attorney-client and work product privileges.

Finally, this request is overly broad in time, scope, and geographic location, as it does not properly limit the time span, nor scope of its target to only seek information related to the claim at issue. This request has no geographic or temporal limitation. Twin City would have to locate every claim file and attempt to figure out if it involved salaries, wages, or bonuses or an employee termination severance payment. This would require an examination of tens of thousands of claim files from offices across the country, costing hundreds (if not thousands) of man hours and tens (or hundreds) of thousands of dollars to comply with a single irrelevant request. This request is not proportional to the needs of the case and is purely sought for purposes of harassment.

**47.**    **A copy of each communication in which you approved an insurance claim for payment of benefits, in whole or in part, because the claimed loss was for a component of a front or back pay award under any insurance policy you issued. For any oral communications about such history, all notes or recordings made of such oral communications.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding unrelated claims will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents targeted at unrelated claims files is in no way related to Plaintiff's allegation. This request also impermissibly requests personal and private information related to third parties.

35

Plaintiff seeks to impermissibly obtain discovery regarding claims handling review practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co*., No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

Finally, this request is overly broad in time, scope, and geographic location, as it does not properly limit the time span, nor scope of its target to only seek information related to the claim at issue. This request has no geographic or temporal limitation. Twin City would have to locate every claim file and attempt to determine if it involved a loss where a component of front or back pay. This would require an examination of tens of thousands of claim files from offices across the country, costing hundreds (if not thousands) of man hours and tens (or hundreds) of thousands of dollars to comply with a single irrelevant request. This request is not proportional to the needs of the case and is purely sought for purposes of harassment.

48.     **A copy of each communication in which you approved an insurance claim for payment of benefits, in whole or in part, where the claimed loss was for breach of any oral, written, or implied employment contract, including, without limitation, any obligation arising out of any personnel manual, employee handbook, or policy statement — other than in the underlying suit. For any oral communications about such history, all notes or recordings made of such oral communications.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding other claims will not aid in the determination as to whether there Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

36

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents targeted at unrelated claims files is in no way related to Plaintiff's allegation. This request also impermissibly requests personal and private information related to third parties.

Plaintiff seeks to impermissibly obtain discovery regarding claims handling review practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry. Additionally, as worded, this request seeks information protected by the attorney-client and work product privileges.

Finally, this request is overly broad in time, scope, and geographic location, as it does not properly limit the time span, nor scope of its target to only seek information related to the claim at issue. This request has no geographic or temporal limitation. Twin City would have to locate every claim file and attempt to determine if it involved a claim for breach of contract and then determine the nature of the breach of contract. This would require an examination of tens of thousands of claim files from offices across the country, costing hundreds (if not thousands) of man hours and tens (or hundreds) of thousands of dollars to comply with a single irrelevant request. This request is not proportional to the needs of the case and is purely sought for purposes of harassment.

49.   **A copy of each complaint or petition filed in any court of law or court of equity in which you were a party and involving exclusions for "salaries, wages, or bonuses, except as a component of a front or back pay award" or under any exclusion for "employment termination severance payments." In this request, you may limit the phrase "involving exclusions" to meaning only those cases in which you denied any obligation to pay benefits, in whole or in part, because of such exclusions.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding other unrelated lawsuits will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents targeted at unrelated lawsuits is in no way related to Plaintiff's allegation. This request also impermissibly requests personal and private information related to third parties.

Plaintiff seeks to impermissibly obtain discovery regarding claims handling review practices, when he does not have standing to bring such a claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co.*, No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

This request is overly broad in time, scope, and geographic location, as it does not properly limit the time span, nor scope of its target to only seek information related to the claim at issue. It is not even limited to Texas. Additionally, as worded, this request seeks information protected by the attorney-client and work product privileges. It is unduly burdensome, unduly expensive, and not proportional to the needs of the case. There is no geographic or temporal limit, and apparently requests this information for every court across the nation, state by state, county by county, going back to the inception of Twin City. Responding to this request would necessitate contacting every court in America to

hunt down the documents Plaintiff seeks—documents that would appear to be of a public nature and equally available to him.

50.     **All drafting history for your insurance exclusions for "salaries, wages, or bonuses, except as a component of a front or back pay award" or "employment termination severance payments." Include all written communications about such history and for any oral communications about such history, all notes and recordings made of such oral communications.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information regarding the history of the policy terms in effect at the time of the underlying lawsuit would in no way affect the way in which the policy should be construed. The policy is written as it is written and must be construed as written.

This request is nothing more than harassment and an impermissible attempt to drive up litigation costs by requesting purely irrelevant materials. Further, this request is overly broad as to time. It apparently requests all potential drafts from every source since Twin City's inception.

51.     **All communications with the Texas Department of Insurance or the Office of Public Insurance Counsel concerning or referencing any of these topics:**

    (a)     **assessment or adjustment of any claim for payment of benefits concerning the underlying suit or any decision to either accept or reject any offer to settle the underlying suit; or**

    (b)     **any belief you had that any insurance you sold has coverage that is unenforceable as being against public policy or a moral hazard. Include any notes and recordings taken of any such communications that were made orally.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding communications with the Texas Department of Insurance will not aid in the determination as to whether Defendant breached a *Stowers* duty in the

underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents targeted at unrelated communications with the Texas Department of Insurance is in no way related to Plaintiff's allegation.

Plaintiff seeks to impermissibly obtain discovery regarding Twin City's communications with the Texas Department of Insurance when they do not have standing to bring such a bad faith or gross negligence claim. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co*., No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

This request is overly broad time and scope, as it does not properly limit the time span, nor scope of its target to only seek information related to the claim at issue. Further, it apparently seeks all communications since Twin City's inception. This is a harassing request with no relevance to this case.

**52.    For any advice of outside counsel on which you relied [in part or in whole] in the assessment of whether coverage of oral or written agreements for "salaries, wages, or bonuses, except as a component of a front or back pay award" creates any moral hazard or violation of public policy making such coverage unlawful — all written advice, all notes made or recordings made of oral advice, and all communications about or referencing any such written or oral advice.**

None.

**53.    A copy of each and every complaint or petition filed against you in any court of law or court of equity, within the past 15 years, in which you were accused of (a) violating**

any duty under *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved), (b) engaging in any negligent refusal to settle a case or claim, or (c) committing any bad faith or unfair insurance, trade, or practice — including any concerning or arising out of your provision of employment practices liability insurance.

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding prior lawsuits will not aid in the determination as to whether Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for other suits alleging bad faith is impermissibly vague, and is no way related to Plaintiff's allegation. This is exactly the type of "fishing expedition" that is disallowed by Courts within the Fifth Circuit. *Dizdar v. State Farm Lloyds*, No. 7:14-CV-523, 2015 U.S. Dist. LEXIS 186873, 2015 WL 12781020, at *5 (S.D. Tex. Jan. 7, 2015). These requests are not "reasonably tailored to include only matters relevant to the case." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014); *see also Dizdar* at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case.").

Plaintiff seeks to impermissibly obtain discovery regarding prior lawsuits and prior bad acts, when they do not have standing to bring claims for bad faith or gross negligence. A party cannot seek to obtain discovery on improper or inapplicable claims. *See Puga v. New York Marine & Gen. Ins. Co*., No. 2:19-CV-381, 2021 WL 293270 (S.D. Tex. Jan. 28, 2021); *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, *13-15 (Tex. App.—Dallas Jan. 8, 2020, no pet.). This is simply an action to collect on a judgment. Plaintiff, via a turnover order, and as a stranger to the policy, does not have standing to pursue bad faith claims against Twin City. *See generally 15625 Ft. Bend, Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014). Thus, any requests seeking discovery related to the Plaintiff's claims for bad faith or gross negligence are not relevant, and not discoverable.

This request is overly broad in both time and scope, as it does not properly limit the time span, nor scope of its target to only seek information related to the claim at issue. It is unduly burdensome, unduly expensive, and not proportional to the needs of the case. There is no geographic or temporal limit, and apparently requests this information for every court across the nation, state by state, county by county, going back to the inception of Twin

41

City. Responding to this request would necessitate contacting every court in America to hunt down the documents Plaintiff seeks—documents that would appear to be of a public nature and equally available to him.

54.   **Any reinsurance agreements or contracts providing you reinsurance for the insurance policy named Private Choice Encore! Policy number 00 KB 0229269-07.**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding reinsurance will not aid in the determination as to whether Defendant breached a *Stowers* duty  in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents related to reinsurance is impermissibly vague, and is no way related to Plaintiff's allegation.

55.   **All your communications concerning reinsurance for the insurance policy named Private Choice Encore! Policy number 00 KB 0229269-07, including those that took place through any one or more of the following means:**

   **(a)    email**
   **(b)    foldering [explained in definition of communication]**
   **(c)    text message**
   **(d)    electronic messaging application**
   **(e)    social media**
   **(f)    social media messaging**
   **(g)    audio recording**
   **(h)    video recording**
   **(i)    facsimile**

Defendant objects to this request pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. That rules states: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Essentially, any documents regarding reinsurance will not aid in the determination as to whether

**App. 042**

Defendant breached a *Stowers* duty in the underlying lawsuit. As such, this request lacks relevance, and this request falls outside of the scope of discovery.

This case is a *Stowers* claim, where there is no coverage. The sole issues in a *Stowers* claim are (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. Plaintiff's request for documents related to reinsurance is impermissibly vague, and is no way related to Plaintiff's allegation.

**56.** **All documents that were once in, or part of, the claim file, diary notes, adjuster's notes, claims specialists' notes, claims manager's notes, special investigation unit notes, or management reports concerning the underlying suit or any offer to settle the underlying suit — but that are no longer in the claim file, notes, or reports.**

Defendant objects to producing any documents after June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand, because any documents or communications after that date are in no way relevant to the *Stowers* inquiry since any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition. Any requests for documents or communications after that date is burdensome, not proportional to the needs of the case, overly broad, and not relevant to the *Stowers* inquiry.

Defendant objects to Plaintiff's definition of "claim file" as vague, not relevant, unduly burdensome, unduly expensive, and overly broad. Plaintiff defines "claim file" as "any record either in its original form or as recorded by any process which can accurately and reliably reproduce the original material regarding the claim, its investigation, adjustment, or settlement. The phrase 'material to the claim,' in this context, shall include [in addition to the ordinary meaning] meaning that it was relied upon in any decision concerning the insurance policy at issue or was submitted or considered or generated in the course of making any such decision [regardless of whether relied upon]." This definition attempts to capture documents that go far beyond the issues in this case. The only potentially relevant documents and communications are those that directly relate to Plaintiff's claim for an unpaid bonus or severance prior to June 1, 2016, the date Defendant rejected Plaintiff's *Stowers* demand. Any documents or communications after that date are in no way relevant to the *Stowers* inquiry because any documents or communications after that date have no bearing on what Defendant knew or should have known before rejecting the *Stowers* demand. Plaintiff concedes this in paragraph 24 of his Original Petition.

None.

31074463.v4

43

**App. 043**