IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JEFFREY W. CARPENTER,            §
                                 §
        Plaintiff,               §
                                 §
v.                               §        Civil Action No. 3:23-CV-0769-N
                                 §
TWIN CITY FIRE INSURANCE CO.,    §
                                 §
        Defendant.               §

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Twin City Fire Insurance Co.'s ("Twin City")

partial motion to dismiss [34] Plaintiff Jeff Carpenter's claims for punitive damages and

injunctive relief.  Because Carpenter has not and cannot adequately establish standing to

assert these claims, the Court grants Twin City's motion and dismisses Carpenter's claims

with prejudice.

## I. ORIGINS OF THE MOTION

This case arises out of a *Stowers* claim[1] brought by Plaintiff Jeff Carpenter against

Defendant Twin City Fire Insurance Company.  In a separate case, Carpenter sued his

employer for an unrelated cause of action.  Pl.'s Original Petition at ¶ 2 [1-2].  Carpenter's

employer was insured by Twin City.  *Id.* at ¶ 17.  Carpenter offered to settle his case against

his employer within the limits of his employer's insurance policy with Twin City, but Twin

---

[1] A *Stowers* claims arises when an insurer violates its duty to settle third-party claims against its
insureds when it would be reasonably prudent to accept the settlement.  *In re Farmers Tex. Cnty.
Mut. Ins. Co.*, 621 S.W.3d 261, 267 (Tex. 2021). The duty was first recognized in *G.A. Stowers
Furniture Co. v. Am. Indem. Co.,* 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved).

MEMORANDUM OPINION AND ORDER – PAGE 1

City declined the settlement offer.  *Id.* at ¶ 34–36.  Carpenter then won at trial against his employer, and the jury awarded damages that exceeded the limits of the insurance policy. *Id.* at ¶ 36.  This gave rise to the *Stowers* claim at issue in the present litigation. As part of the judgment against Carpenter's employer, the court in that proceeding assigned the employer's *Stowers* claim to Carpenter via turnover order.  *Id.* at ¶ 4.  Carpenter then initiated the present proceeding against Twin City, bringing the assigned *Stowers* claim as well as seeking punitive damages and injunctive relief.  Twin City removed the case to federal court.  Notice of Removal [1].  Twin City now moves to dismiss two of Carpenter's three claims under Rule 12(b)(1) for lack of standing, or alternatively, under Rule 12(c) for failure to adequately state a claim.

## II.  LEGAL STANDARD UNDER RULE 12(B)(1)

Under the United States Constitution, a federal court may decide only actual "cases" or "controversies." U.S. CONST. art. III, § 2.  A court properly dismisses a case where it lacks the constitutional power to decide it. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  "The justiciability doctrines of standing, mootness, political question, and ripeness all originate in Article III's 'case' or 'controversy' language." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (quoting *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 352, (2006)) (internal quotation marks omitted).  "Standing and ripeness are required elements of subject matter jurisdiction and are therefore properly challenged on a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss." *Roman Catholic Diocese of Dallas v. Sebelius*, 927 F.Supp.2d 406, 415–16 (N.D. Tex. 2013) (citing *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350

(5th Cir. 1989); *Western Geco L.L.C. v. Ion Geophysical Corp*., 776 F.Supp.2d 342, 350 (S.D. Tex. 2011)).

A dismissal for lack of subject-matter jurisdiction is warranted when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "In general, where subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161.

The standing requirement has three elements: (1) injury in fact, (2) causation, and (3) redressability. *See Bennett v. Spear*, 520 U.S. 154, 167 (1997). The injury cannot be merely "conjectural or hypothetical." *Summers v. Earth Island Inst*., 555 U.S. 488, 493 (2009). Causation requires that the injury "fairly can be traced to the challenged action of the defendant" rather than to "the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org*., 426 U.S. 26, 41-42 (1976). And redressability requires that it is likely, "as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujart v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)

(quoting *Simon*, 426 U.S. at 38, 43).  The party invoking federal subject matter jurisdiction bears the burden of establishing each element.  *Ramming*, 281 F.3d at 161.

### III. LEGAL STANDARD UNDER RULE 12(C)

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c).  A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 312 (5th Cir. 2002) (citation and internal quotation marks omitted).  The court may also consider documents attached to the complaint.  *See Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998).  The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc*., 528 F.3d 413, 418 (5th Cir. 2008).

### IV. THE COURT GRANTS THE PARTIAL MOTION TO DISMISS BECAUSE CARPENTER DOES NOT HAVE STANDING TO PROCEED WITH TWO OF HIS CLAIMS

The Court finds that Carpenter does not have standing to assert his claims for punitive damages and injunctive relief because the turnover order granted him standing to proceed only with his *Stowers* claim, and he has failed to establish independent standing to bring any other claim. Accordingly, the Court grants Twin City's partial motion to dismiss.

### A.  *Carpenter Does Not Have Standing to Assert A Claim For Punitive Damages*

Carpenter does not have standing to assert his claim for punitive damages because the turnover order did not grant him standing for any claims other than the *Stowers* claim, and he has not established an independent basis for standing. The turnover order assigned Carpenter the right to "all common law causes of action Judgement Debtors may own under *G.A. Stowers Furniture Co. v. American Indemnity Co.*"  Order Granting Amended Motion for Turnover of *Stowers* Claim, Ex. 2-1, Pl.'s App. 30 [40].  Accordingly, the Court will not read in a right to bring any claim under the turnover order other than any arising under *Stowers*.  The question then is which causes of action are available under *Stowers* that may be properly transferred under Texas law.

It is generally recognized that an insured party may "recover exemplary damages to redress its *Stowers* injury." *Puga v. New York Marine & General Ins. Co.*, 2021 WL 293270, at *4 (S.D. Tex. 2021).  However, under Texas law, this right is not assignable. Accordingly, even if the turnover order did not limit Carpenter's claims to purely the *Stowers* negligence claim, Carpenter's punitive damages claim would not be legally viable because its transfer is barred by Texas law.  Texas courts draw an important distinction between "claims that are property-based and remedial and claims that are personal and punitive, holding that the former are assignable and the latter are not." *PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79, 87 (Tex. 2004).  Based on this distinction, at least one Texas court has held that punitive damages are not transferrable when a *Stowers* claim is transferred via the doctrine of equitable subrogation.  *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ins. Co. of N. Am.*, 955 S.W.2d 120, 134 (Tex. App.—

MEMORANDUM OPINION AND ORDER – PAGE 5

Houston [14th Dist.] 1997), *aff'd sub nom. Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 20 S.W.3d 692 (Tex. 2000). At least one other Texas federal district court has reasoned that the same is true in cases where a *Stowers* claim is transferred via voluntary assignment. *Puga*, 2021 WL 293270, at *4. The Court holds that, for the same reason, punitive damages are not transferrable when a *Stowers* claim is transferred via turnover order. A claim for punitive damages is, logically, "personal and punitive" and therefore not assignable. Because the claim cannot be assigned to Carpenter under Texas law, and because Carpenter has not asserted independent grounds to support a claim for punitive damages, Carpenter has no standing to bring this claim. Accordingly, the Court dismisses Carpenter's claim for punitive damages.

### B. Carpenter Is Not Entitled To Injunctive Relief

Carpenter is not entitled to injunctive relief as a matter of law. Carpenter lacks standing to bring the claim because he has not shown that he suffered an injury that can be redressed by prevailing on this claim. To satisfy the redressability prong of standing, a plaintiff must show that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Inclusive Comm. Project, Inc. v. Dept. of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 181 (2000)). Carpenter's claim for equitable relief seeks an injunction requiring Twin City to "provide training and otherwise modify its insurance practices in a way that reduces the risk of future violations of the *Stowers* duty" and "prohibiting Twin City from engaging in the systematic insurance practices that led to the violation." Pl.'s Original Petition at ¶ 20. It is undisputed that Carpenter is not insured by

MEMORANDUM OPINION AND ORDER – PAGE 6

Twin City.  It is therefore not likely that Twin City changing its future policies regarding *Stowers* would redress any harm Carpenter has suffered.  While it is possible that Carpenter could have a policy with Twin City in the future, that he has no policy at the time of this litigation renders redressability merely speculative.  Accordingly, Carpenter lacks standing to request injunctive relief.

Even if Carpenter were able to show standing to assert injunctive relief, the claim similarly fails under Rule 12(c).  A motion brought under to Rule 12(c) is designed to dispose of cases where "the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc*., 278 F.3d 417, 420 (5th Cir. 2001).  The question is not "whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

Here, Carpenter requests relief in the form of an injunction.  A plaintiff seeking a permanent injunction must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be

MEMORANDUM OPINION AND ORDER – PAGE 7

disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Carpenter is not entitled to injunctive relief because he has not and cannot show that he will suffer an irreparable injury if his requested relief is not granted. As discussed above, because Carpenter is not insured by Twin City, Twin City's policies regarding its *Stowers* duty will not benefit Carpenter in any way. Carpenter therefore cannot show that he will suffer any injury, let alone an irreparable one, if Twin City is not ordered to change its policies in accordance with Carpenter's requested relief. Carpenter has made no other showing of any irreparable injury he would experience if his requested injunction were not granted. Carpenter has shown no set of facts under which he is entitled to equitable relief.

Accordingly, the Court dismisses Carpenter's claim for injunctive relief.

## CONCLUSION

The turnover order gave Plaintiff Jeff Carpenter standing to bring only a *Stowers* claim. Carpenter must establish an independent basis for standing to bring any additional claims. Because Carpenter has failed to establish that he has standing to assert his claims for punitive damages and injunctive relief, and because Carpenter has likewise failed to establish that he would suffer irreparable harm in the absence of injunctive relief, the Court grants Defendant Twin City Fire Insurance Co.'s motion to dismiss. Carpenter's claims for punitive damages and injunctive relief are dismissed with prejudice. Carpenter's claim for breach of the *Stowers* duty remains viable.

MEMORANDUM OPINION AND ORDER – PAGE 8

Signed February 5, 2024.

David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 9