IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEFFREY W. CARPENTER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:23-CV-0769-N |
| § | |
| TWIN CITY FIRE INSURANCE CO., § | |
| § | |
| Defendants. § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Twin City Fire Insurance Company's ("Twin City") motion to stay and motion for a protective order against discovery [13]. The Court denies the motion to stay as moot due to the Court's Order denying summary judgment issued this same date. This order addresses Twin City's remaining motion for a protective order. For the following reasons, the Court grants in part and denies in part the motion.

## I. ORIGINS OF THE MOTION

This case arises out of a *Stowers* claim[1] brought by Plaintiff Jeff Carpenter against Defendant Twin City Fire Insurance Company. In a separate case, Carpenter sued his employer for breach of contract. Pl.'s Original Petition at ¶ 2 [1-2]. In the previous litigation, Carpenter alleged that once the sale occurred, his employer reneged on the agreement and did not compensate him. *Id.* at ¶ 30-32. Carpenter's employer was insured

---

[1] A *Stowers* claims arises when an insurer violates its duty to settle third-party claims against its insureds when it would be reasonably prudent to accept the settlement. *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 267 (Tex. 2021). The duty was first recognized in *G.A. Stowers Furniture Co. v. Am. Indem. Co.,* 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved).

MEMORANDUM OPINION AND ORDER – PAGE 1

by Twin City. *Id.* at ¶ 17. Carpenter offered to settle his case against his employer within the limits of his employer's insurance policy with Twin City, but Twin City declined the settlement offer. *Id.* at ¶ 34–36. Carpenter prevailed at trial against his employer. Final Judgment, Pl.'s Appx. at 1732 [29]. The jury found that there was an agreement between the parties and that Carpenter's employer violated that agreement. Jury Verdict, Pl.'s Appx at 1712–13 [29]. The jury awarded damages that exceeded the limits of the insurance policy. Final Judgment, Pl.'s Appx. at 1735 [29]. This gave rise to the *Stowers* claim at issue in the present litigation. To help recover the judgment against Carpenter's employer, the court in that proceeding assigned the employer's *Stowers* claim to Carpenter via turnover order. Turnover Order, Def.'s Appx. at 29–31 [40]. Carpenter then initiated the present proceeding against Twin City, bringing the assigned *Stowers* claim as well as seeking punitive damages and injunctive relief. Twin City removed the case to federal court. Notice of Removal [1]. Carpenter served discovery requests on Twin City. *See* Plaintiff's First Req. For Prod., Def.'s Appx. at 235 [15]. Twin City moved to stay discovery pending the disposition of the issue of insurance coverage in Twin City's motion for summary judgment. Def.'s Motion to Stay [13]. The motion to stay is now moot. Concurrently, Twin City moved for a protective order against Carpenter's discovery requests, alleging that they are overbroad, out of the scope of the litigation, and unduly burdensome. *Id*.

## II. LEGAL STANDARD FOR DISCOVERY

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional

to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. America Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, is not proportional to the needs of the case, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

If proposed discovery is outside the scope of Rule 26(b)(1), the Court must limit the frequency or extent of the discovery. FED. R. CIV. P. 26(b)(2)(C)(iii). Rule (26)(b)(1) provides that parties may obtain nonprivileged material that is relevant to any party's claim or defense that is relevant and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Furthermore, pursuant to the Federal Rules of Civil Procedure, the Court has

MEMORANDUM OPINION AND ORDER – PAGE 3

broad discretion to limit discovery or require that information be revealed only in a specified way. FED. R. CIV. P. 26(c). A protective order is warranted in the instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The burden is upon the movant to demonstrate specific facts, as opposed to conclusory statements, which illustrate such good cause. *See In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). The Court may still issue a protective order on relevant discovery that is unduly burdensome. See FED. R. CIV. P. 26(c).

### III. THE COURT GRANTS IN PART AND DENIES IN PART TWIN CITY'S MOTION

#### *A. The Court Will Not Set a June 1, 2016, Temporal Limit for Discovery*

Twin City requests that the Court limit Carpenter's discoverable materials to only those created before June 1, 2016. Def.'s Brief at 10 [14]. The Court declines to set a firm temporal limitation on relevant discovery in this case. Twin City argues that, because a *Stowers* claim is dependent on what an insurer knew at the time it rejected a settlement demand, the only information that is relevant to the present litigation is that which occurred before the date that Twin City and Carpenter's employer rejected the settlement. The Court disagrees. Twin City may object specifically to individual requests on relevance grounds, but the Court will not hold that no document created after June 1, 2016, is relevant in this case.

### B.  Requests For Production Numbers 5 and 6 Are Outside the Scope of Discovery Because They Seek Information Regarding Third Parties

Twin City requests that the Court protect it from discovery obligations for Plaintiff's Requests for Production ("RFP") Nos. 5 and 6, arguing that the requests are overbroad, not proportional to the needs of the case, and seek information not bearing a sufficient relationship to the issues in the case.  Def.'s Brief at 10–11 [14].  Plaintiff's RFP Nos. 5 and 6 seek "all written coverage analysis concerning the insurance policy named Private Choice Encore" and "all audio recordings, video recordings, notes, and telephone logs documenting discussion(s) about the insurance policy named Private Choice Encore." Plaintiff's First Req. For Prod., Def.'s Appx. at 242 [15].  The Court holds that these requests are beyond the scope of discovery to the extent they seek information concerning unrelated third parties.

Texas courts at the state and federal level have found that documents relating to the coverage of third parties unrelated to the dispute at issue are beyond the scope of discovery. *See Torres v. State Farm Lloyds*, 2015 WL 13674687, at *5 (S.D. Tex. 2015); *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 489 (Tex. 2014).  This is the case even where, as here, the party seeking production argues that the documents are necessary as a comparison to determine whether the insurer acted reasonably or properly.  *See id.*  Twin City's analysis of coverage of third parties, even under the same policy, has little to no value as discovery in this case.  The Court agrees with the Texas Supreme Court, which found that "without more, the information sought [pertaining to third parties] does not appear reasonably calculated to lead to the discovery of evidence that has a tendency to make the existence of

MEMORANDUM OPINION AND ORDER – PAGE 5

any fact that is of consequence to the determination of the action more probable or less probable." *Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 489 (internal citations omitted). Accordingly, the Court holds that FRP Nos. 5 and 6 are outside the scope of discovery to the extent they seek documents pertaining to the insurance coverage of non-parties to this case.

However, to the extent that RFP Nos. 5 and 6 seek information regarding the policy coverage analysis relating to requests by Carpenter's employer, the Court finds that the requests are not irrelevant or out of scope. Any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case is discoverable. FED. R. CIV. P. 26(b)(1). The Fifth Circuit places the burden on the Defendants to prove in the first instance that discovery requests are irrelevant. *See Merill*, 227 F.R.D. at 477; *McLeod*, 894 F.2d at 1485. To satisfy this burden, Twin City must show that "the information sought can have no possible bearing on the claim or defense of a party." *Brady*, 238 F.R.D. at 437. Here, Twin City has not shown that the requested information relating to the treatment of coverage requests and usage of this particular insurance policy by Carpenter's employer has "no possible bearing" on Carpenter's coverage pursuant to that same insurance policy in the shoes of his insured employer. Twin City has not satisfied its burden to disprove the relevance of the requested material as pertains to Carpenter and his employer. Accordingly, the Court grants Twin City's motion for a protective order only as to RFP Nos. 5 and 6 to the extent that they seek information concerning the coverage of unrelated third parties.

MEMORANDUM OPINION AND ORDER – PAGE 6

### C.  Requests for Production 8, 10, 11, and 12 Are Sufficiently Particular But May Be Limited By Privilege

Twin City argues that RFP Nos. 8, 10, 11, and 12, do not sufficiently identify the documents they are seeking and instead impermissibly request "essentially any and all documents that even allude to the underlying lawsuit." Def.'s Brief at 11 [14].  Twin City also raises attorney-client privilege and attorney work product privilege concerns. *Id.*  The Court holds that these requests for production are reasonably particular and are not impermissible "blockbuster" requests, but some relevant documents may be withheld due to privilege concerns.

The Federal Rules of Civil Procedure require that discovery requests "describe with reasonable particularity each item or category of items to be inspected.  FED. R. CIV. P. 34(b)(1)(A).  The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for and what is not.  *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex. 2018).  Therefore, the party requesting the production of documents must provide "sufficient information to enable [the party to whom the request is directed] to identify responsive documents." *Id*. (quoting *Kidwiler v. Progressive Paloverde Ins. Co*., 192 F.R.D. 193, 202 (N.D. W. Va. 2000).  The description should be "sufficient to apprise a man of ordinary intelligence which documents are required." *Vailes v. Rapides Par. Sch. Bd.,* 2016 WL 744559, at *4 (W.D. La. 2016).  Courts around the country have found that certain "blockbuster" requests do not meet this standard.  For instance, "[b]road and undirected requests for all documents which relate in any way to the complaint" do not meet Rule 34(b)(1)(A)'s standard.  *Parsons v. Jefferson-Pilot Corp*., 141

MEMORANDUM OPINION AND ORDER – PAGE 7

F.R.D. 408, 412 (M.D.N.C. 1992).  Similarly, "[a] request for 'all documents and records' that relate to 'any of the issues,' while convenient, fails to set forth with reasonable particularity the items or category of items sought for [the responding party's] identification and production of responsive documents." *Sewell v. D'Alessandro & Woodyard, Inc.*, 2011 WL 843962, at *2 (M.D. Fla. 2011); *see also S.E.C. v. Mazzo*, 2013 WL 12172628, at *20 (C.D. Cal. 2013).

Here, RFP Nos. 8, 10, 11, and 12 are not so vague that they constitute impermissible "blockbuster" requests.  These requests seek documents and communications within a certain time frame "concerning or referencing the underlying suit [for breach of contract]," "discussing the value of the underlying suit" and "the chances of an adverse or favorable judgment." Plaintiff's First Req. For Prod., Def.'s Appx. at 243–44 [15].  They sufficiently identify the type of documents sought and the purpose of these documents, meeting the reasonable particularity standard.  They do not broadly ask for any documents related to any issue in the litigation.  Instead, they request specific types of documents relating to one subset of relevant information: the underlying lawsuit giving rise to the *Stowers* action.  Accordingly, Twin City has not shown good cause for a protective order based on lack of specificity.

Not all discovery materials relevant to these requests are not necessarily discoverable.  Parties do not have a right to discover privileged information, even when it is otherwise relevant and proportional to their case. *See* FED. R. CIV. P. 26(b)(1).  Some of the materials requested in RFP Nos. 8, 10, 11, and 12 may be privileged.  For instance, RFP No. 11 seeks communications between Twin City and its insured's attorneys in the

MEMORANDUM OPINION AND ORDER – PAGE 8

previous litigation. Plaintiff's First Req. For Prod., Def.'s Appx. at 243. Under the Texas Rules of Evidence[2], a client may refuse to disclose confidential communications made between the client and his lawyer in furtherance of legal services. TEX. R. EVID. 503(b)(1). However, a protective order is not needed to prevent privileged documents from being discovered. The Federal Rules of Civil Procedure permit a party to withhold otherwise discoverable information on the basis of privilege if the party expressly claims the privilege and describes the nature of what was not produced based on the exercise of that privilege. FED. R. CIV. P. 26(b)(5)(A). To the extent that Twin City finds the material requested in RFP Nos. 8, 10, 11, and 12 to be privileged, it may exercise its ordinary privilege rights as outlined in the Federal Rules without the need for a protective order. The Court expresses no opinion on whether such a claim of privilege would be valid.

### D. Reserves and Recommendations Are Discoverable in This Case

Twin City contends that the documents pertaining to reserves[3] set on the underlying are irrelevant because an insurance carriers reserves are not relevant to a *Stowers* claim. Def.'s Brief at 12 [14]. To satisfy the high burden to show irrelevance, Twin City must show that "the information sought can have no possible bearing on the claim or defense of a party." *Brady*, 238 F.R.D. at 437. Here, Twin City has not shown that the requested information relating to the reserves set in the underlying litigation has "no possible

---

[2] Under Federal Rule of Evidence 501, state law governs privilege in a case sitting in diversity. The present case is before this federal Court on the basis of diversity of citizenship.
[3] Indemnity reserves, also called loss reserves, are "the insurer's own estimate of the amount which the insurer could be required to pay on a given claim." Lee R. Russ & Thomas F. Segalla, *17A Couch on Insurance* § 251:29 (3d ed. current through December 2012), available at COUCH § 251:29 (Westlaw).

MEMORANDUM OPINION AND ORDER – PAGE 9

bearing" on whether it acted as a reasonable insurer would in dealing with Carpenter's settlement demand. Other courts in this district have found that reserves may be relevant in *Stowers* actions because they may speak to whether the insurer expected a judgment exceeding the policy limits, and thus whether the insurer was reasonable in refusing a settlement demand within policy limits. *See, e.g., Swicegood v. Medical Protective Co.*, 2004 WL 1698285, at *3 (N.D. Tex. 2004). This Court likewise finds that there is a sufficient connection between Twin City's loss reserves and its prudence in denying Carpenter's settlement demand to survive a relevance challenge. Accordingly, Twin City has not satisfied its burden to disprove the relevance of any of the requested material and is not entitled to a protective order.

### E. Mediation Materials Are Not Discoverable

Twin City argues that Carpenter's RFP No. 14 seeks privileged information by requesting communications between Twin City and the mediator in the attempted mediation of the underlying suit. Plaintiff's First Req. For Prod., Def.'s Appx. at 244 [15]. The Court agrees. Under the Federal Rules of Evidence, state law governs the rules of privilege in a diversity case. FED. R. CIV. P. 501. Under Texas law, "a communication relating to the subject matter of any civil or criminal dispute made by a participant in an alternative dispute resolution procedure, whether before or after the institution of formal judicial proceedings, is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding." TEX. CIV. PRAC. & REM. § 154.073(a). Carpenter's RFP No. 14 seeks materials from an alternative dispute resolution procedure, and communications with the mediator are privileged. In

MEMORANDUM OPINION AND ORDER – PAGE 10

responding to RFP No. 14, Twin City may exercise its ordinary privilege rights as outlined in the Federal Rules without the need for a protective order. The Court expresses no opinion on whether such a claim of privilege would be valid.

### CONCLUSION

The Court may issue a protective order for a party against discovery requests if the movant can show the discovery requests are improper or other good cause, such as harassment, embarrassment, or undue burden exists. FED. R. CIV. P. 26(c)(1). Defendant Twin City has not established good cause to warrant a protective order against Plaintiff Carpenter's First Requests for Production, except for RFP Nos. 5 and 6 to the extent they concern third parties. Accordingly, Twin City's motion is granted in part and denied in part. A protective order is issued only as to Requests for Production Nos. 5 and 6 to the extent that they seek information concerning the coverage of unrelated third parties.

Signed March 4, 2024.

David C. Godbey
Chief United States District Judge