IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Jeffrey W. Carpenter, | § § § § § § § § § § | |
| *Plaintiff,* | | |
| *v.* | | Civil Action No. 3:23-CV-00769-N |
| Twin City Fire Insurance Company, | | Jury Demand |
| *Defendant.* | | |

## STIPULATION

## RECITALS

WHEREAS, on March 9, 2023, Jeff Carpenter sued Twin City Fire Insurance Company in Dallas County Court at Law No. 3 (the "Lawsuit"), asserting a single cause of action: violation of liability insurers' common-law *Stowers* duty. The Lawsuit sought this relief: judgment on the *Stowers* claim, non-monetary equitable relief including injunctive relief, damages that the *Stowers* violation proximately caused, punitive damages, costs, prejudgment interest, and postjudgment interest.

WHEREAS, on April 11, 2023, Twin City removed the Lawsuit to the United States District Court for the Northern District of Texas, Dallas Division, where it is currently pending under Civil Action No. 3:23-CV-00769-N.

WHEREAS, the Lawsuit arises from an earlier jury verdict and judgment in favor of Jeff Carpenter in Dallas County Court at Law No. 5, Cause Number CC-08-2072-E, styled *Jeffrey W. Carpenter v. Southwest Housing Development Company, Inc., Southwest Housing Management Corporation, Inc. a/k/a and d/b/a Southwest Housing Management Company, Inc., Affordable Housing Construction, Inc., and Brian Potashnik* (the "Prior Case").

WHEREAS, the Final Judgment in the Prior Case is attached.

WHEREAS, the trial court in the Prior Case ordered turnover to Jeff Carpenter of the defendant-insureds' *Stowers* claims against Twin City. It did so after all appeals were exhausted in the Prior Case.

WHEREAS, the Turnover Order in the Prior Case is attached.

WHEREAS, the elements of a *Stowers* claim are (1) the third party's claim against the insured is within the scope of coverage; (2) the settlement demand is within policy limits; (3) the terms of the demand are "such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment;" and (4) damages that the *Stowers* violation proximately caused. *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.2d 261, 267 (2021); *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 849 (Tex. 1994).

WHEREAS, a February 2, 2024 order in the Lawsuit granted Twin City's motion to dismiss with prejudice the following requested relief: injunctive relief and punitive damages [ECF No. 50].

WHEREAS, a March 4, 2024 order in the Lawsuit denied Twin City's motion for summary judgment on the issue of insurance coverage (1) under a policy exclusion for employment termination severance payments and (2) under a policy exclusion for salaries, wages, or bonuses except as a component of a back pay award [ECF No. 51].

WHEREAS, based on current rulings in the Lawsuit, the following elements remain in the Lawsuit: (1) the third party's claim against the insured is within the scope of coverage; (2) the settlement demand is within policy limits; (3) the terms of the demand are "such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment;" and (4) damages that the *Stowers* violation proximately caused.

## AGREEMENT

NOW, THEREFORE, Jeff Carpenter and Twin City Fire Insurance Company agree as follows.

### Twin City Stipulation and Admission

Based on the foregoing, and to bring the Lawsuit proceedings more expeditiously to final and appealable judgment in the district court, Twin City stipulates and admits in Carpenter's favor on all remaining elements other than insurance coverage — *i.e.*, all remaining elements other than "(1) the third party's claim against the insured is within the scope of coverage." Twin City stipulates and admits (2) Jeff Carpenter's settlement demand in the Prior Case was within policy limits; (3) assuming coverage *arguendo*, the terms of that demand were "such that an ordinarily

prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment;" and (4) assuming coverage *arguendo*, the *Stowers* violation proximately caused the damages reflected in the attached Final Judgment but reduced as appropriate for the bond that was posted and paid in the Prior Case.

### Agreement

To expedite the district court's adjudication of the coverage issue, the parties agree on the following procedure. Carpenter will file a motion for summary judgment on the coverage issue. Twin City's response is due 7 calendar days after the motion is filed. Any reply is due 7 calendar days after the response is filed. Within 3 calendar days after the close of briefing, the parties will jointly request a status conference and expedited ruling on the motion. The parties agree to file a joint motion to stay all remaining deadlines pending a ruling on the motion.

If the district court wholly grants summary judgment in favor of Carpenter, the parties will jointly submit a proposed final judgment, or, if they cannot agree on the form of the judgment, the parties will submit separate versions of a final judgment.

By entering into this agreement Twin City does not waive, but expressly preserves, its right to appeal the order denying its motion for summary judgment, any order granting Carpenter's motion for summary judgment, and any resulting final judgment, the substance and content of which Twin City disagrees.

By entering this agreement, Jeff Carpenter does not waive, and instead expressly preserves, his right to appeal any order dismissing [or granting judgment on] availability of punitive damages and injunctive relief.

Upon the entry of final judgment in the Lawsuit, either party may pursue appeal.

AGREED:

| TWIN CITY FIRE INSURANCE COMPANY<br><br>By: *Joseph Coppola*<br><br>Printed Name: Joseph Coppola<br><br>Its: AVP - HGSFL | JEFF CARPENTER<br><br>By: *[signature]* |
|---|---|

Respectfully submitted,

/s/ *Amy Cole*        /s/ *Steve Knight*

Ms. Amy E. Gibson  
Texas Bar No. 00793801  
amy@gwfirm.com  

Mr. David L. Wiley  
Texas Bar No. 24029901  
david@gwfirm.com  

Gibson Wiley PLLC  
1500 Jackson Street #109  
Dallas, Texas 75201-4923  
T: (214) 522-2121  
F: (214) 522-2126  

*Attorneys for Jeff Carpenter*

Ms. Christine Kirchner  
Texas Bar No. 00784403  
c.kirchner@chamberlainlaw.com  

Mr. Steven J. Knight  
Texas Bar No. 24012975  
steven.knight@chamberlainlaw.com  

Chamberlain Hrdlicka, White,  
 Williams & Aughtry  
1200 Smith Street #1400  
Houston, Texas 77002  
T: (713) 658-1818  

*Attorneys for Twin City Fire Insurance Company*



# MARK GREENBERG
JUDGE, COUNTY COURT AT LAW #5

Larry Friedman / Michael Donahue / Jason H. Friedman 214-346-4240
Amy Gibson / David Wiley 214-522-2126
Brian Sanford 214-919-0113
Robert Gilbreath 214-780-5200

Re: Carpenter v. Southwest Housing, et al., Cause no. CC- 08-02072-E

    Attached is a courtesy copy of the court's judgment.

Signed December 17, 2018.

_____
Judge presiding

Geo. Allen Courts Building, 600 Commerce Street, Fifth Floor, Dallas, Texas 75202
(214) 653-6441

CAUSE NO. CC-08-2072-E

| | | |
|---|---|---|
| Jeffrey W. Carpenter, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | In the County Court |
| Southwest Housing Development Company, Inc.; Southwest Housing Management Corporation, Inc. a/k/a and d/b/a Southwest Housing Management Company, Inc.; Affordable Housing Construction, Inc.; Brian Potashnik; and Cheryl Potashnik n/k/a Cheryl Geiser, | § § § § § § § § § § § § § § | of Dallas County at Law Nº 5 |
| *Defendants.* | § § | |

# FINAL JUDGMENT

This case was called to jury trial on January 23, 2018. Jeffrey W. Carpenter appeared in person and through counsel and announced ready for trial. Brian Potashnik and Cheryl Potashnik n/k/a Cheryl Geiser appeared in person and through counsel and announced ready for trial. Southwest Housing Development Company, Inc., Southwest Housing Management Corporation, Inc. a/k/a and d/b/a Southwest Housing Management Company, Inc., and

Affordable Housing Construction, Inc. appeared through their representatives and through their counsel and announced ready for trial.

Before jury trial, during a motions hearing, four counter-plaintiffs — Cheryl Potashnik n/k/a Cheryl Geiser, Brian Potashnik, Southwest Housing Development Company, Inc., and Affordable Housing Construction, Inc. — announced their intent to voluntarily dismiss all their counterclaims against Jeffrey W. Carpenter, which they originally filed on April 7, 2008. This dismissal was accomplished with the September 9, 2015 filing of *Defendants' First Amended Answer and Defendant's First Amended Counterclaim Against Jeffrey W. Carpenter*, in which only Southwest Housing Management Corporation, Inc. a/k/a and d/b/a Southwest Housing Management Company, Inc. continued to pursue counterclaims. Before jury trial, on the record, Southwest Housing Management Corporation, Inc. a/k/a and d/b/a Southwest Housing Management Company, Inc. dismissed with prejudice all remaining counterclaims against Jeffrey W. Carpenter.

After close of evidence and before closing arguments in the jury trial, the Court granted the motion of Cheryl Potashnik n/k/a Cheryl Geiser for directed verdict on the claims against her. Cheryl Potashnik n/k/a Cheryl Geiser and Jeffrey W. Carpenter were each unsuccessful on the counterclaims and claims between them. As a result, no costs are awarded to Cheryl Potashnik n/k/a

Cheryl Geiser. The Court also finds good cause not to award costs to Cheryl Potashnik n/k/a Cheryl Geiser. First, Cheryl Potashnik n/k/a Cheryl Geiser and Jeffrey W. Carpenter were each unsuccessful on the counterclaims and claims between them. Second, awarding costs to Cheryl Potashnik n/k/a Cheryl Geiser would, as a practical matter under the circumstances, burden Jeffrey W. Carpenter with paying shared defense costs for the four defendants against whom he was successful. All defendants shared the same legal counsel. All defendants shared the same liability insurance carrier. With few exceptions, all defendants asserted the same defenses. For all oral depositions that Cheryl Potashnik n/k/a Cheryl Geiser initiated, all defendants jointly noticed and took those depositions. All defendants counted as one side — or one party — for purposes of paying for court-ordered mediations.

A jury and one alternate juror, consisting of 7 citizens good and true, were empaneled and sworn and thereafter heard the admissible evidence. Having retained the original 6 jurors during the course of the trial, the Court dismissed the alternate juror before deliberations. The Court then submitted its Charge to the jury, which was followed by the closing arguments of the lawyers. Thereafter, on February 1, 2018, the jury returned a five-to-one verdict in favor of Jeffrey W. Carpenter and against Brian Potashnik, Southwest Housing Development Company, Inc., Southwest Housing

Management Corporation, Inc. a/k/a and d/b/a Southwest Housing Management Company, Inc., and Affordable Housing Construction, Inc. on certain claims. The Court then received and accepted the jury's verdict, which is incorporated by reference as if fully set forth herein.

Before jury trial, all parties agreed to try to the Court the issue of attorneys' fees under Texas Civil Practice and Remedies Code Chapter 38. That portion of the case was called to trial on November 15, 2018. Jeffrey W. Carpenter appeared in person and through his counsel and announced ready for trial. Brian Potashnik, Southwest Housing Development Company, Inc., Southwest Housing Management Corporation, Inc. a/k/a and d/b/a Southwest Housing Management Company, Inc., and Affordable Housing Construction, Inc. appeared through their counsel and announced ready for trial. The Court heard the admissible evidence and the arguments of counsel and took judicial notice as appropriate. At the conclusion of the presentation, the Court announced its ruling on the record, noting that a written judgment would follow.

Having considered the verdict of the jury, the Court's ruling on attorneys' fees, the admissible evidence, the record in this case, the arguments of counsel, and the previous orders of the Court, it is hereby

ORDERED, ADJUDGED and DECREED that Jeffrey W. Carpenter do have and recover of and from Brian Potashnik, Southwest Housing Development Company, Inc., Southwest Housing Management Corporation, Inc. a/k/a and d/b/a Southwest Housing Management Company, Inc., and Affordable Housing Construction, Inc., jointly and severally:

a.  actual damages in the amount of $928,020.76;

b.  prejudgment interest on actual damages [$928,020.76] at the rate of 5.25% per annum simple interest from March 11, 2008 through the day before the date of this Judgment;

c.  reasonable attorneys' fees in the amount of $820,818.00 for the prosecution of this case through the day before the date of this Judgment for Plaintiff Jeffrey W. Carpenter's breach of contract claim against Defendants Brian Potashnik, Southwest Housing Development Company, Inc., Southwest Housing Management Corporation, Inc. a/k/a and d/b/a Southwest Housing Management Company, Inc., and Affordable Housing Construction, Inc.;

d.  costs of court; and

e.  postjudgment interest on all of the amounts above at the rate of 5.25% per annum, compounded annually, from the date of this Judgment until the date this Judgment is satisfied.

It is further ORDERED, ADJUDGED and DECREED, that if any defendant other than Defendant Cheryl Potashnik n/k/a Cheryl Geiser unsuccessfully appeals this Judgment, then Jeffrey W. Carpenter shall additionally recover from such unsuccessful appealing defendant — or jointly and severally from such unsuccessful appealing defendants if more than one such defendant unsuccessfully appeals — the following amounts, representing

conditional and reasonable attorneys' fees that would be incurred by Jeffrey W. Carpenter in any such appeal:

- a. $86,625.00 for an appeal to the Dallas Court of Appeals, excluding oral argument and rehearing response;

- b. an additional $9,900.00 for oral argument, if any, before the Dallas Court of Appeals;

- c. an additional $9,900.00 for a response to a motion for rehearing, if the Dallas Court of Appeals requests that Jeffrey W. Carpenter file such a response;

- d. an additional $32,175.00 for a petition for review or response to a petition for review filed with the Supreme Court of Texas;

- e. an additional $37,125.00 for merits briefing, if the Supreme Court of Texas requests briefing on the merits;

- f. an additional $14,850.00 for oral argument, if any, before the Supreme Court of Texas; and

- g. an additional $7,425.00 for a response to a motion for rehearing, if the Supreme Court of Texas requests that Jeffrey W. Carpenter file such a response.

All other relief requested by any individual or entity in this case and not specifically granted herein or previously disposed of is DENIED.

This Judgment finally disposes of all parties and all claims and is appealable.

The Court ORDERS execution to issue for this Judgment.

Signed this __17__ day of __December__, 2018.

_____
Mark Greenberg
Judge, Dallas County Court at Law No. 5

CAUSE NO. CC-08-2072-E

| | | |
|---|---|---|
| Jeffrey W. Carpenter, | § § § | |
| *Judgment Creditor,* | § § | |
| v. | § § | In the County Court |
| Southwest Housing Development Company, Inc.; Southwest Housing Management Corporation, Inc. a/k/a and d/b/a Southwest Housing Management Company, Inc.; Affordable Housing Construction, Inc.; and Brian Potashnik, | § § § § § § § § § § | at Law N° 5 Dallas, County, Texas |
| *Judgment Debtors.* | § § | |

## ORDER GRANTING AMENDED MOTION FOR TURNOVER OF *STOWERS* CLAIM

On _April 30, 2021_, the Court held a hearing by submission on Jeff Carpenter's Amended Motion for a Turnover Order. Having considered the motion, the pleadings on file, the evidence, and argument presented at that hearing, the Court is of the opinion that this motion should be, and hereby is, GRANTED.

The Court FINDS that (1) Jeff Carpenter is a judgment creditor of the Judgment Debtors listed above for the final judgment in this case; (2) the final judgment remains unsatisfied; (3) the Judgment Debtors own a cause of action or causes of action against their insurance carrier concerning liability for the final judgment in

CC-08-02072-E
COTO
ORDER - TURNOVER
2423441

this case; (4) the right to prosecute and recover on any such cause(s) of action cannot readily be attached or levied on by ordinary legal process and that right is not exempt under any statute from attachment, execution, or seizure; and (5) Judgment Debtors may have rights of access from their insurers, attorneys, and representatives to records and information and they should share those rights with Jeff Carpenter as a judgment creditor to aid in the evaluation and any prosecution of those claims.

The Court is of the opinion that Jeff Carpenter is entitled to the right to have liquidated all common law causes of action Judgment Debtors may own under *G. A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved) and its progeny, to see if they might satisfy, in whole or in part, the judgment in this case. So, in aid of the judgment in this case, IT IS ORDERED, ADJUDGED AND DECREED that any claims Judgment Debtors own under *Stowers* arising out of or related to this case are immediately TURNED OVER to Judgment Creditor Jeff Carpenter. This specifically includes, without limitation, those concerning Private Choice Encore! Policy number 00KB 0229269-07 that Twin City Fire Insurance Company issued.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Judgment Creditor Jeff Carpenter shall immediately have an equal right of access — co-extensive to that held by each and every Judgment Debtor — to information and documents related to the above-referenced claims. This specifically includes, without limitation, information and documents from each and every of Judgment Debtors'

individual insurers, attorneys, and representatives. It also specifically includes, without limitation, all insurance claim files and evaluations of coverage and communications between each and every Judgment Debtor and each and every of their insurers via their respective counsel. So, all current and former counsel for Judgment Debtors should immediately make all such information and documents equally available to Judgment Creditor Jeff Carpenter, via his counsel of record in this civil action, as they are available to any Judgment Debtor.

IT IS FURTHER ORDERED that Jeff Carpenter is immediately GRANTED — a right co-extensive with Judgment Debtors to assert or waive the attorney-client privilege and any work product exemption arising from or concerning communications to, from, or among Twin City Fire Insurance Company and any of its adjusters or their representatives, agents, or attorneys, concerning this case.

IT IS FURTHER ORDERED that this Order shall become effective on today's date. IT IS SO ORDERED this _30_ day of April, 2021, by

_____
The Honorable Mark Greenberg
Dallas County Court Judge