IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Jeffrey W. Carpenter, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 3:23-CV-00769-N |
| Twin City Fire Insurance Company, | § § § | Jury Demand |
| *Defendant*. | § | |

# BRIEF SUPPORTING PLAINTIFF JEFF CARPENTER'S
# PROPOSED FINAL JUDGMENT: POST-JUDGMENT INTEREST

This brief addresses federal post-judgment interest in the context of a successful *Stowers* claim arising from an underlying, state-court judgment. In *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, No. 11-cv-03061, 2015 WL 926515 (S.D. Tex. Mar. 4, 2015), also a *Stowers* case, a court addressed this same issue. It determined that the federal post-judgment interest statute required post-judgment interest on the entire underlying state-court judgment, including the still-accruing state post-judgment interest reflected in that underlying state-court judgment. *Id*. at *4.

> Additionally, since [28 U.S.C.] § 1961 requires the court to award statutory post-judgment interest on the damages, the final award will include statutory post-judgment interest on the entire award, including the [state court post-judgment interest of] $1720.70 per day. While the court notes that the [judgment creditors] offered to waive the statutory post-judgment interest, *since there has been no agreement amongst the parties stipulating to this waiver, the court must also award interest under section 1961.*

*Id.* (emphasis and alterations added).

Like in *OneBeacon*, Plaintiff Jeff Carpenter made a similar offer—to have federal post-judgment interest apply only to the then-conditional and later-earned appellate fees portion of the underlying state court judgment. Twin City did not accept that offer. So, as in *OneBeacon*, there is no agreement. Accordingly, Jeff Carpenter now requests application of full post-judgment interest on the entirety of the underlying state-court judgment [including on the still-accruing state-court post-judgment interest]. Such interest is both appropriate and mandatory under Section 1961—as it was in *OneBeacon*.

Respectfully submitted,

*/s/ David L. Wiley*

Amy E. Gibson
Texas Bar No. 00793801
amy@gwfirm.com

David L. Wiley
Texas Bar No. 24029901
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201
T: (214) 522-2121
F: (214) 522-2126

*Attorneys for Jeff Carpenter*