IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Jeffrey W. Carpenter, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:23-CV-00769-N |
| Twin City Fire Insurance Company, | § | |
| | § | Jury Demand |
| *Defendant*. | § | |

**PLAINTIFF JEFF CARPENTER'S RESPONSE TO DEFENDANT'S
PROPOSED FINAL JUDGMENT**

**BACKGROUND**

This Court ordered as follows: "In accordance with their stipulation, the parties are ordered to submit a joint proposed final judgment within twenty-one (21) days of this Order. *If the parties cannot agree on the form of a final judgment*, they should each submit a proposal by this same deadline." ECF No. 67 at pp. 8-9 (emphasis added). Counsel for plaintiff sent a draft of a joint final judgment to counsel for defense. Appendix at p. 2. That draft included federal post-judgment interest on a portion of the underlying state court judgment, specifically, then-conditional and later-earned state-court appellate attorneys' fees. *See id.* at p. 4.

By email, counsel for defense questioned the basis for such interest. *See id.* at pp. 6-8. By response email, counsel for plaintiff stated the statutory basis. *See id.* at p. 9. Counsel for defense did not respond and so, after waiting until 6:45 p.m. on the deadline *if the parties cannot agree*, counsel

for plaintiff filed a unilaterally proposed final judgment. *See* ECF No. 68; Appendix p. 10. In accordance with *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, No. 11-cv-03061, 2015 WL 926515 (S.D. Tex. Mar. 4, 2015) and 28 U.S.C. Section 1961(a), it included federal post-judgment interest on more than just state court appellate fees in the underlying state court judgment. *See id.* & ECF No. 69. It included federal post-judgment interest on portions of the underlying state court judgment that were already accumulating state court interest—as both permitted and required by such law. By email *after* that filing [at 6:59 p.m.], counsel for defense *then* purported to accept or agree to counsel for plaintiff's prior, pre-filing draft previously questioned. *See* Appendix at p. 11.

## ARGUMENT AND AUTHORITIES

In its motion defense does not challenge that, absent an agreement, "interest *shall* be allowed on *any money judgment* in a civil case recovered in a district court." 28 U.S.C. § 1961(a) (emphasis added). Or that, absent an agreement, this statute and precedent like *OneBeacon* both permit and require federal post-judgment interest be applied in a *Stowers* case—even to those parts of a state-court money judgment that are already accumulating state-court post-judgment interest. Instead, defense limits its contention to two alternate and inconsistent arguments: (1) an agreement exists limiting application of federal post-judgment interest and (2) plaintiff "cannot recover an amount greater than the state court judgment in a *Stowers* case." ECF No. 70. Neither of these are accurate.

### A.     The parties failed to reach an agreement.

This is a diversity case. *See generally* ECF No. 1 (notice of removal). As this Court recognizes, Texas law applies to agreements touching any suit pending—and Texas law requires those agreements be signed. *See Salt & Light Energy Equip., LLC v. Origin Bancorp, Inc.*, 724 F. Supp. 3d 586,

597 (N.D. Tex. 2024) (Godbey, J.). Here, there is no signed agreement concerning a joint proposed final judgment—only exchange of drafts. Besides, a final judgment is not a contract. Also, for a binding contract, there would need to be consideration exchanged and there is none. Further, under Texas law, an offer revoked before acceptance [even just by implication] cannot form an agreement. *See Angel v. Tauch*, 642 S.W.3d 481 (Tex. 2022) (on learning bank had assigned debt for collection, debtor tried to accept prior offer to settle for lesser sum—no agreement). Here, only *after* plaintiff filed his unilaterally proposed final judgment—under a deadline for filing if the parties *cannot agree on the form of a final judgment*—did defense purport to accept. For each of these independent reasons, there is no agreement. And we are left with *OneBeacon* and Section 1961(a).

### B. Post-judgment interest increases *every* judgment.

Without citation to any authority, defense contends that plaintiff "cannot recover an amount greater than the state court judgment in a *Stowers* case." ECF No. 70. But of course, Section 1961(a) means *every* judgment is greater—by at least the amount of post-judgment interest. Even the one defense now proffers. And even the *Stowers* judgment in *OneBeacon*. Even the language of Section 1961(a) says it, "interest *shall* be allowed on *any money judgment* in a civil case recovered in a district court." 28 U.S.C. § 1961(a) (emphasis added).

### Conclusion

For all of these reasons, Plaintiff Jeff Carpenter request this Court DENY defendant's proposed final judgment and instead, issue the final judgment he unilaterally proposes [ECF No. 68].

Respectfully submitted,

*/s/ David L. Wiley*

Amy E. Gibson
Texas Bar No. 00793801
amy@gwfirm.com

David L. Wiley
Texas Bar No. 24029901
david@gwfirm.com

Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, Texas 75201
T: (214) 522-2121
F: (214) 522-2126

*Attorneys for Jeff Carpenter*