IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY W. CARPENTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-00769-N |
| | § | |
| TWIN CITY FIRE INSURANCE CO., | § | |
| | § | |
| Defendant. | § | |

# **ORDER**

This Order addresses Defendant Twin City Fire Insurance Co.'s motion for judgment [70]. Reviewing the parties' submissions, the Court agrees with Plaintiff Jeffrey W. Carpenter that postjudgment interest should apply to the entire amount of the judgment. Thus, the Court will enter final judgment consistent with Carpenter's proposal.

In this *Stowers* case, the parties disputed whether Twin City was obligated to pay an underlying state court judgment from a suit between Carpenter and Twin City's insured. By an earlier Memorandum Opinion and Order, the Court denied Twin City's motion for summary judgment. Mem. Op. & Order, Mar. 4, 2024 [51]. In doing so, the Court concluded that Carpenter's interpretation of the insurance policy was reasonable. *See id.* Subsequently, Twin City admitted every element of *Stowers* liability except for one: scope of insurance coverage. Stipulation 2–3 [54]. Then, Carpenter moved for summary judgment on that issue, and the Court granted his motion. Mem. Op. & Order, Apr. 22, 2025 [67]. The Court then ordered the parties to submit a joint proposed final judgment, or if unable to agree, separate proposed final judgments. *Id.* The parties now dispute one

issue relevant to the final judgment: whether postjudgment interest should apply to the entire judgment amount.

Following the Court's order to confer over a proposed final judgment, Carpenter's counsel emailed Twin City's with a proposed judgment that included postjudgment interest on one line-item amount from the underlying judgment: appellate attorney's fees. *See* Def.'s Mot. Ex. 1 [70-1]. Twin City's counsel asked Carpenter's if he would be willing to drop the request for postjudgment interest on those appellate attorney's fees. *Id.* Ex. 2 [70-2]. Carpenter's counsel declined. *Id.* Then, there appears to have been no further communication between the parties until 7:00 P.M. on the day of the Court's submission deadline.

At 6:45 P.M. that day, having heard nothing from Twin City, Carpenter submitted his proposed final judgment which now requests postjudgment interest on all amounts in the underlying judgment, not just appellate attorney's fees. *See* Pl.'s Proposed Judgment [68]. Then, at 7:00 P.M., Twin City's counsel emailed Carpenter's and purported to accept Carpenter's "offer" to waive postjudgment interest on everything other than appellate attorney's fees. Def.'s Mot. Ex. 2. Twin City then submitted its proposed final judgment, which is identical to Carpenter's first draft, and which only awards postjudgment interest on the appellate attorney's fees. *Id.* Ex. 1.

Carpenter now argues that the postjudgment interest statute is not optional, and that the parties did not reach an agreement to waive interest on any amount of the judgment. Pl.'s Resp. 2 [71]. Twin City argues that Carpenter's offer to waive interest on everything

ORDER – PAGE 2

other than appellate attorney's fees was never withdrawn, Twin City accepted that offer, and therefore the Court should apply interest only to those fees. Def.'s Mot 1.

Federal law governs the award of postjudgment interest in diversity cases. *Art Midwest, Inc. v. Clapper*, 805 F.3d 611, 615 (5th Cir. 2015). The relevant federal statute provides that postjudgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Awarding postjudgment interest is not discretionary. *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010). However, "the parties are free to stipulate to a different rate" than the statute provides. *In re Lift & Equip. Serv., Inc.*, 816 F.2d 1013, 1018 (5th Cir. 1987).

The Fifth Circuit is clear that this Court has no discretion, absent a stipulation, to vary the statutory award of postjudgment interest. And despite Twin City's purported "acceptance" of Carpenter's "offer" to waive interest on everything other than appellate fees, it is clear that the parties here have not stipulated to any interest waiver. In his proposed judgment and his response to Twin City's motion, Carpenter makes it clear that he does not agree to waive any postjudgment interest. *See* Pl.'s Proposed Judgment 1; Pl.'s Resp. 2. And Twin City does not and cannot present any writing, signed by the parties, that would waive any postjudgment interest. *See Salt & Light Energy Equip., LLC v. Origin Bancorp, Inc.*, 724 F. Supp. 3d 586, 597 (N.D. Tex. 2024) (stating that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record" under applicable Texas law).

Twin City also states, without supporting citation, that "Carpenter cannot recover an amount greater than the state court judgment in a *Stowers* case." Def.'s Mot. 1.

ORDER – PAGE 3

However, this statement, even if correct, does not limit the application of the statutory postjudgment interest award here. As already stated, the statute is mandatory. And another district court in Texas, also in the context of a *Stowers* claim, considered the issue and affirmatively awarded postjudgment interest on the entire state court judgment. *See OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 2015 WL 926515, at *4 (S.D. Tex. 2015). This Court agrees with the *OneBeacon* court's conclusion that awarding postjudgment interest on the entire state court judgment in this context is consistent with the applicable federal statute.

## CONCLUSION

For these reasons, the Court agrees with Carpenter that he is entitled to postjudgment interest on the entire amount of the underlying judgment in this case. Accordingly, the Court will enter final judgment consistent with Carpenter's proposal.

Signed May 27, 2025.

_____
David C. Godbey
Chief United States District Judge

ORDER – PAGE 4